## ELLENMANN, ET AL. VS. THOMPSON.

A deed purporting to convey the real estate of the wife—in which the husband only joins as a party assenting to the conveyance by his wife—will not convey the interest of the husband in such real estate.

## APPEAL from St. Louis Circuit Court.

FIELD, *for Appellants, insists:*

The only question involved in the case, is whether the deed of 30th of May, 1842, was effectual to pass the life estate of John Boschenstein, in the lot in question; if it was so, then nothing remained to pass under the execution sale of the plaintiff below, and the plaintiff was not entitled to recover.

For the purposes of the present hearing, it will be admitted that the deed was informally executed to pass the estate of the wife. Nevertheless it may be good against the husband, John Boschenstein. Bryan vs. Wear, 4 Mo. Rep., 106.

The appellants insist that the deed was effectual, to pass the estate of John Boschenstein.

1st. He was a granting party.

1. By express words. The deed is made by "parties of the first part." These words cannot be satisfied, without considering J. B., one of those parties. In a subsequent part of the deed, J. B. is expressly named "party of the first part." A fair grammatical construction of the first clause of the deed, leads to the same conclusion. The deed is made *by* and between Emma, &c., and *by* and with the consent of John, &c.

2. By the manifest intentions of the parties,

It was a security for a debt, contemplating a disposition by sale of the land, and authorizing the trustee to give to the purchaser a deed of the fee. It cannot be supposed that the parties intended to leave outstanding, a life estate in the husband.

Lord Hobart says, "Judges should be curious and subtle, *astute* to invent reasons and means to make acts according to the just intent of the parties, and to avoid wrong and injury, which by rigid rules might be wrought out of the act." Hobart's Rep., 277, b.

2nd. If the deed were construed merely as a grant by the wife, and an assent to that grant by the husband, still the deed is effectual to pass the estate of the husband by way of confirmation.

It is material to observe, that the deed purports to dispose of the fee, which includes the hus

band's life estate. Coke says, "there be more words than *dedi* and *concessi,* that will amount to a confirmation, as *dimisi;* also, if a man makes a lease to A, for years, and after by his deed the lessor *voluit quod haberet et teneret terram pro termino vitae suae;* this is adjudged by this verb *volo* to be a good confirmation for term of his life." 2 Co. Litt., (Thomas Ed.,) p. 611. Shephards Touchstone, title Confirmation. In the case at bar the word *consent* is used, which is still more expressive than the word *volo.* Coke afterwards says, that a "confirmation is but a mere *assent* by deed to the grant." 2 Co. Litt., (Tho. Ed.,) 617.

It has been objected that the wife's deed is a nullity and incapable of confirmation. It will be observed however, that the confirmation is only claimed to extend to the estate of the husband, and in this respect, the deed of the wife, is just as capable of confirmation as that of a stranger. See Bredon's case, 1 Coke's Rep., 191.

3rd. Another construction may put on the deed leading to the same result. The wife, in disposing of the husband's life estate, may be regarded as the attorney of the husband, and he in expressing his assent, and making the deed effectually, constituted her his attorney, to dispose of his estate, and to do it in the manner in which it was done.

The phraseology of the instruction given by the court below, is open to criticism, but the counsel for appellants passes this by, as unimportant to a just decision of this case.

## Todd, *for Appellee, insists:*

1st. John Boschenstein is not a granting party to the deed of trust to Michael Tesson; given in evidence. He is merely introduced and mentioned in the premises as the husband of Emma, for the purpose of her having his assent to her act in the premises. It is so expressed in the deed.— Also as evidence thereof, the deed shows that it was for her account and benefit; the debt to be secured being hers. To ascertain who are the grantors in a deed, we are first to look into the premises of the deed to see who are therein expressed to be the parties. 4 Cruise Dig., p. 26 and 27. Next at the apparent interest of the parties, looking through the whole deed. And in case of doubt, arising from ambiguous language, we should be governed by the intention of the parties. Sec. 1, Chap. 19, of 4 Cruise Dig.

In this case six things are conclusive, that Boschenstein is not and was not intended to be a grantor.

1. Because the language of the deed expressly states him to be otherwise at the outset.

2. Because the object of the deed, was to secure an indebtedness of his wife.

3. Because for that purpose, she had something in the land to convey, to wit: the fee.

4. Because it was a sufficient compliance with the law, to enable her to convey her fee, that her husband should be in the deed as simply a consenting party, the object of the law being her protection only, and requiring the same in cases where he has no interest, or estate, as when the fee is in his wife, for her sole benefit, &c., or the husband has before disposed of his interest, either by a voluntary sale or sale under execution.

5. The condition of the deed provides that "if the said *party* of the first part, shall well and truly pay, &c.; if not then sell, &c.," and the balance pay over to said *party* of the first part.— That Emma is here intended as the "party of the first part," is evident because it is her debt, secured by her means, and therefore if sold to pay the debt with, to her, of course, the balance, if any, should be paid.

6. This deed being an Indenture, the words thereof are to be considered the words of both parties. Sec. 17 of said chap. 19, of 4 Cruiss.

2nd. If John Boschenstein is a grantor, then the deed is in law void as against Thompson, because it amounts to a voluntary conveyance of his interest to or for the benefit of his wife Emma, and the evidence shows, that at that time he was insolvent, (having applied for the benefit of the

late U. S. Bankrupt act within sixty days thereafter,) and then owed Thompson the debt for which said judgment was obtained.

3rd. The deed to Le Duc by the assignee in Bankruptcy of Boschenstein, does not help his title as against Thompson, because Thompson obtained his judgment before Boschenstein filed his petition for the benefit of said Bankrupt act, and therefore the lien of his said judgment, upon the life estate of Boschenstein in said lot, was saved, as provided for in sec. 2nd of said Bankrupt act, which section also declares the deed, "utterly void," it being made within two months before petition filed, if made "in contemplation of Bankruptcy," which has been adjudged to mean a known state of insolvency. 5 vol. Law Reporter, p. 296; 6 do., p. 265, 302–18.

NAPTON, J., *delivered the opinion of the Court.*

This was an action of ejectment brought by Thomson against Ellenmann and others, to recover possession of a lot of ground in St. Louis. The plaintiff obtained a judgment. The facts were agreed upon at the trial and submitted to the court. They were as follows:

On the 30th May, 1842, the legal title to the premises, was in Emma Boschenstein, then and still the wife of John Boschenstein. On the 14th July, 1842, a judgment was recovered against John Boschenstein by F. W. & J. Thompson, for $215 47. On the 15th July, 1842, a writ of *fi. fa.* was issued on said judgment and returned *nulla bona.* On the seventeenth March, 1845, a second writ issued, which, on 7th of April, 1845, was levied on the premises in controversy, and on the 28th April, 1845, the land levied on was sold by the sheriff to the plaintiff. The sheriff made a deed according to law, conveying all the interest of said John Boschenstein to the plaintiff. On the 30th of May, 1842, a deed was made by Emma Boschenstein, by her attorney Ferdinand Boschenstein, conveying this land in trust to Joseph LeDuc, for certain purposes therein mentioned. This deed purports to be made and entered into "between Emma Boschenstein, wife of John Boschenstein, by and through her attorney in fact, Ferdinand Boschenstein, and by and with the consent of the said John Boschenstein husband of said Emma," and certain other parties named therein of the second and third part. The parties of the first part by these presents "grant, sell, alien, enfeoff, convey and confirm" to the party of the second part, an undivided half of a certain lot of ground in St. Louis, describing it, it being the premises sued for. In subsequent clauses of the deed, the *party* of the first part is spoken of, and in other clauses, the words used are, *parties* of the first part.— This deed was signed and sealed by Emma Boschenstein, by her attorney in fact Ferdinand Boschenstein, and John Boschenstein and M. Tesson. The justice of the peace before whom the deed was acknowledged, certifies that Ferdinand Boschenstein, the attorney in fact of Emma Boschenstein and John Boschenstein, who were both personally known to him,

&c., severally acknowledged the deed, &c. This deed was admitted to be *bona fide*, and that before the sale by the sheriff, as aforesaid, the trust of the said deed was executed by a sale of said land and a conveyance to Joseph LeDuc; that the proceedings of said trustee were regular and formal, and that the defendants hold the premises under LeDuc. The power of attorney, under which Ferdinand Boschenstein purported to act, was acknowledged by Emma Boschenstein before a justice of the peace.

The Circuit Court being of opinion, that this deed did not pass the interest of John Boschenstein, in the land conveyed, gave judgment for the plaintiff, and from this judgment the defendants have appealed.

We think, with the Circuit Court, that this conveyance is insufficient to pass the life estate of John Boschenstein. It is quite manifest, that the deed has been drawn under an entire misapprehension of our laws regulating conveyances. It does not purport to be a conveyance of any estate or interest of the husband, but seems to have been designed to pass the estate of the wife, and the conveyancer appears to have thought the husband's assent necessary. His name is therefore mentioned in the deed, not as a party conveying, but as assenting to the conveyance of his wife. It is true that in a subsequent clause of the deed, the words "parties of the first part," are used, which might embrace the husband as well as the wife; but then in other clauses of the instrument, the "party of the first part" is spoken of, in the singular number, and it is difficult, under these circumstances, to draw any inference as to intention. We do not feel authorized by any thing in the language of the deed, to infer that the husband either knew that he had any interest in this land, or designed to convey it, if he was aware of his rights. The debt, to secure which the deed was given, was a debt of the wife, and the title to the land was in the wife. An attempt to convey this land is made by the wife, through a power of attorney, (which is not on the record,) without joining with her husband and without any privy examination, and her husband's name is signed to the deed, and when mentioned in the body of the instrument, he is spoken of, not as a party conveying, but as assenting to the conveyance of his wife. The bare statement of such a deed, must be sufficient to show, that it has been drawn by some one unacquainted with our forms of conveyancing, and not apprised of the requisites in a deed to pass the estate of a *feme covert*.

Judgment affirmed.