## DEGUIRE *et al.* v. ST. JOSEPH LEAD Co.

*(Circuit Court, E. D. Missouri, E. D.* February 9, 1889.)

ADVERSE POSSESSION—ACTION FOR WIFE'S LAND DURING COVERTURE.

It is the law in Missouri that the adverse possession for the statutory period which will defeat the husband's sole right of possession of his wife's land will likewise defeat an action of ejectment therefor brought by the husband and wife jointly.

At Law. Ejectment by Emily Deguire and Paul W. Deguire against the St. Joseph Lead Company. On motion to strike out part of reply.

*Reynolds & Relfe* and *Samuel L. Isbell*, for plaintiffs.

*Carter & Weber* and *Charles Nagel*, for defendant.

BREWER, J. This is an action of ejectment. The plaintiffs are husband and wife. Their title, as alleged, is by deed to the wife from her father, on March 7, 1848, she being then unmarried. For one defense the answer pleads the 24 years of limitation. As a reply to that defense plaintiffs allege that they were married in October, 1848, and that ever since that date, and at the date when her right of action accrued, she has been, and is now, a married woman, the wife of the other plaintiff, and under the disability of coverture. This part of the reply defendant moves to strike out, and that motion presents the question under consideration. In the case of *Valle* v. *Obenhause*, 62 Mo. 81, the supreme court held in a case like this that the seisin of husband and wife was joint, and therefore her as well as his right of action was barred by the 24 years' statute. In *Dyer* v. *Wittler*, 89 Mo. 81, the doctrine of the former case was overruled, and it was held that during coverture the wife had no right of entry, and therefore the statute of limitation was not running against her; that the husband had the exclusive right of possession of his wife's

lands, and therefore could alone maintain an action for possession. Applying the doctrine of either case, and the marriage does not obviate the defense of the statute of limitations. If the doctrine of the former case were to be followed, then both his and her rights were barred years ago. If the latter case, then she has now no right of action, never has had one, and his right of action was barred by the statute. It is the duty of this court to follow the rulings of the supreme court of the state in a matter ·of this kind, and of course the later decision is the law of the state, and must be followed here. This brings about this curious result: The title of the land is in her, yet neither she nor her husband can now recover the possession; yet this is the logical result of the law as now affirmed by the supreme court. During coverture the right of possession is in the husband. He could convey away that right. He alone could sue for its recovery; and the statute of limitations may run against the enforcement of that right as against any other. That I have not misconstrued the rulings of the supreme court, I note the fact that in the first case Judge HOUGH dissented, and prepared a vigorous dissenting opinion, in which he affirms just the propositions that I have laid down. I quote this language:

"It has been held, too, in this state, and it is the rule generally, in the absence of statutory provisions on the subject, that the marital interest of the husband may be sold under execution for the debts of the husband, and that the purchaser of said interest will be entitled to the possession of the entire estate to the exclusion of the wife. *Ellenmann* v. *Thompson*, 10 Mo. 587. Now, I am wholly at a loss to comprehend how it is that a purchaser at an execution sale can acquire an estate which the execution debtor does not possess; and it is equally beyond my comprehension how, under our law, a man can convey that to which he has no right, so as to confer title upon his grantee. For, if the husband has no exclusive right to the possession, he can confer none. It must be that the husband is entitled *jure mariti* to the possession of his wife's fee-simple lands, and it was so held by this court in the case of *Bledsoe* v. *Simms*, 53 Mo. 305. Surely the person who is for the time being entitled to the possession is the only person who can be disseised. Such person alone has a right of entry, for a right of entry cannot exist where there is no right to the possession. If the wife were entitled jointly with her husband to the possession, a sale under execution of the husband's right, or a conveyance by him of such right, would make the purchaser at the sale in the one case, and his grantee in the other, a tenant in common with the wife of the right of possession. But such is not the effect of either. I conclude, therefore, that when it is said that husband and wife are jointly seised in right of the wife, reference is made to the whole estate, as held by them both, and not to the interest of the husband alone. Husband and wife are jointly seised in fee in right of the wife. When his interest is said to be in right of his wife, it is intended simply to mark the derivation, as well as the extent, of his interest, but it does not amount to an assertion that such interest is to be shared with any one, or that it is a joint interest. It is apparent, at all events, from text-books and the adjudged cases, that his interest is separable from hers, both by his own act and by operation of law, and that, when so separated, she has no right of entry until its determination. Such being the case, it would seem logically to follow that his is an interest in land which is subject to the statute of limitations, and will pass to one who holds it adversely for the prescribed period as effectually as it would by an execution sale or a quitclaim

deed. Now, his right of entry would be barred in 10 years. Being thus barred, and his right of possession having thereby passed to the adverse occupant, how could the wife maintain an action of ejectment during the coverture? If the husband is in her right—that is, through her title and by virtue of the marriage—solely seised of the right to the possession, it is clear that she could not sue; and, if it be true that a disseisin of both, and that a suit for the recovery of the wife's lands from one who holds them in adverse possession, must be brought in the joint names of husband and wife, and that neither can sue alone, as is maintained by some authorities, how can an action be maintained by them after the husband has been barred by the ten years' adverse possession?"

And in the later case the supreme court expressly declares that it adopts the views in the dissenting opinion of Judge Hough in the earlier case. It is unnecessary to add more. The law of the state of Missouri is thus clearly disclosed in the quotation above made, and, being the law of the state court, is the law of this. The motion to strike out that part of the reply will be sustained. I deem it unnecessary to consider the other questions presented by counsel in their motions and demurrer, for this is fatal to plaintiffs' action.