————o————

W. B. PRATT, Plaintiff in Error, *vs.* CAROLINE A. CLARK, *et al.*, Defendants in Error.

1. *Land and land titles—Exchange of lands—Deed of trust—Vendor's lien, etc.* —A. owned a tract of land in the county, and B., a house and lot in the city, incumbered by a debt for $1,000, secured by deed of trust.   They agreed to exchange, and did exchange property with each other, upon the express condition and agreement that upon exchanging titles the incumbrance on the property of B. should be removed, and that such removal should be received in part payment of the property of A., B. having obtained the title from A. by means of such promise, to remove the incumbrance.   *Held*, 1st. That the debt which was secured by the deed of trust on the house and lot, would constitute until removed, a vendor's lien on the tract of land conveyed to B., notwithstanding that the deed from B. to A. contained covenants of warranty, for breach of which an action at law might be maintained.   2nd. That such lien is treated as a constructive or implied trust, and therefore not within the statute of frauds.

2. *Vendor's lien enforced, notwithstanding law remedy, etc.*—The right of a vendor to enforce his lien may well, and frequently does, exist contemporaneously with a right of recovery at law, and the jurisdiction always exercised by courts of equity in cases of trust will not be ousted by the fact that courts of law could afford an apparently adequate relief.

*, Error to Cole Circuit Court.*

*Edwards & Son*, for Plaintiff in Error, cited in argument; Skinner vs. Purnell, (52 Mo., 96).

*Lay & Belch*, for Defendants in Error.

SHERWOOD, Judge, delivered the opinion of the court.

The plaintiff alleged in substance these facts in his petition: that in the year 1870, Henry Eaton and Caroline A. Clark owned lot No. 110 in the city of Jefferson, the legal title to which was in said Caroline A., and was subject to an incumbrance of $1,000, created by a deed of trust executed by the

defendant, Mrs. Clark and her husband, since deceased, John Clark, to Henry Eaton as trustee; that plaintiff was at that time the owner of a certain tract known as Pratt's Mills, containing about eleven acres; that plaintiff and Henry Eaton, John Clark and Caroline A. Clark then entered into a parol agreement, whereby plaintiff agreed to convey to Eaton and Mrs. Clark the Mill tract free from incumbrance, in exchange for the property of Mrs. Clark; that the immediate removal of the incumbrance upon the exchange of titles, was the express agreement of the parties, and was to be received in part payment of the real estate then owned by the plaintiff; that plaintiff fully complied with the contract on his part and made to Eaton and Mrs. Clark a conveyance of the Mill tract, but they, although they conveyed to him lot No. 110 by a deed of general warranty, did not and would not remove or cause to be removed the incumbrance on the property conveyed to plaintiff; that plaintiff would not have accepted such conveyance, but upon the express understanding and agreement that such incumbrance should be removed; that defendants were insolvent except as to the property conveyed to them; that they openly avow their determination not to remove the incumbrance, but to leave it as it is; that the defendants had been attempting to sell the Mill tract with the avowed intention of thereby depriving the plaintiff of any lien which he might have on the property which he had conveyed to them, and that the note for $1,000 secured by the deed of trust had long since fallen due and remained unpaid.

The petition concluded with a prayer that the debt secured by the deed of trust might, with the interest accrued and to accrue, be declared a lien on the property conveyed by plaintiff to Henry Eaton and Mrs. Clark, until such time as they should comply with their contract and remove the aforesaid incumbrance, and also asks for general relief.

The defendants demurred, and the court held the petition insufficient. The correctness of that ruling will now be examined.

The doctrine of the lien of a vendor of real estate for the unpaid purchase money is a familiar one. This lien like that of a vendee, who prematurely pays the purchase money before the reception of a conveyance of the land he has purchased, is treated as a constructive or implied trust and as raised by implication, and not, therefore, within the purview of the statute of frauds, but excepted from the operation of that statute. (2 Sto. Eq. Jur., §§ 1217, 1218.)

The principle on which this lien, in the nature of a trust, is founded, is, that it would be against conscience to permit a person who has obtained the land of another to keep it and not pay the full consideration money. (Ibid, § 1219.)

And the authorities also maintain that this lien or implied trust has " its foundation in the earliest principles of courts of Equity" and exists entirely independent of any agreement between the contracting parties. (§ 1220, and cas. cit.; 4 Kent. Com., 152, and cas. cit.)

And the taking of covenants from the vendee for the pay ment of the purchase money will not amount to a waiver of the lien. (4 Kent., 153 ; 1 Mason, 213, and cas. cit.) If the acceptance by the vendor of covenants from the vendee for the payment of purchase money, would not amount to a waiver of the lien, most certainly it would seem that such result could not follow the acceptance by the vendor of covenants of general warranty as in the present instance.

These observations will, as I think, effectually dispose of the points raised by defendants' counsel, that the contract was within the statute of frauds ; or that it was merged in, and swallowed up by the conveyances which were made between the respective parties ; or that a waiver of the lien which a court of equity would, under the circumstances imply, had occurred. And that such a lien exists in the case at bar, an examination of the foregoing authorities and of the allegations of the petition, confessed by the demurrer to be true, will conclusively show.

If Pratt had exchanged the Mill tract for lot 110 and $1,000 besides, not a particle of doubt would exist, that that

sum until paid, would remain a lien on the mill tract capable of enforcement in equity. But the essential features of the transaction set forth in the petition are precisely the same as in the case just supposed, for in contemplation of a court of equity which regards substance rather than mere form, the mill tract has not yet been paid for by an amount equal to the incumbrance yet existing on in lot 110. And even if plaintiff had an adequate remedy at law by a suit on the covenants of warranty prior to a breach of those covenants, by reason of an eviction, still this would not preclude him of equitable relief. For the right of a vendor to enforce his lien may well, and frequently does, exist contemporaneously with a right of recovery at law, and the ancient jurisdiction always exercised by courts of equity in cases of a trust, will not be ousted by the fact that courts of law could afford an apparently adequate relief. (1 Sto. Eq. Jur., §§ 64, 80; Stewart vs. Caldwell, 54 Mo., 536.)

For these reasons I am of the opinion that the demurrer should have been overruled. And if, upon a final hearing, it shall appear that the allegations of the petition are true, the court below will proceed in conformity with this opinion.

Judgment reversed and cause remanded; all the judges concur.