Pratt v. Eaton.

and it can no longer be considered an open question. Judgment reversed and cause remanded. All concur.

REVERSED.

PRATT, PLAINTIFF IN ERROR V. EATON, ET. AL.

1. **Equity:** VENDOR'S LIEN : EXCHANGE OF REALTY : AGREEMENT TO REMOVE INCUMBRANCE. Where a married woman owned a lot as her own separate estate, and agreed to exchange the same for mill property, making an agreement that she would, at the time of exchanging deeds as part of the consideration for the mill tract, remove an incumbrance of $1000 on the town property; but on exchanging deeds, she failed to remove the incumbrance; it was held that equity would charge the mill tract with the incumbrance, and compel a sale of such tract for the payment of such incumbrance, regarding it as a vendor's lien.

2. **Vendor's lien, waiver of.** This result would not be effected by reason of the fact that, subsequent to the exchange of deeds, the owner of the mill tract accepted a bond, signed by one of the grantees in the deed for the mill tract and by the husband of the owner of the town lot, and this for two reasons: *First*—Because the evidence showed that the bond was not accepted, nor intended as a waiver of the vendor's lien; *Second*—Because the bond could not be regarded as an independent security of a third person, since the husband was already bound by his statutory covenants contained in the words " grant, bargain and sell," and the bond given could do no more.

## On Motion for Rehearing.

1. **Husband:** WIFE'S PROPERTY : STATUTORY COVENANTS. It was held that notwithstanding the fact that the husband was not the owner of the town lot when he joined with his wife in conveying, still in the contemplation of the statute he was a "grantor," and as much bound therefore by his statutory covenants as if owner of the land.

2. **Vendor's lien, waiver of.** That were this not so, the result arrived at in the opinion would still be the same; for, granting that the acceptance of the bond of the husband was prima facie evidence of a waiver of the lien, such acceptance was not conclusive, and the evidence was clear that no such intention was entertained.

*Error to Cole Circuit Court.*—HON. GEO. W. MILLER, Judge.

*E. L. Edwards & Son* for plaintiff in error.

1. Mrs. Clark having failed to remove the incumbrance as stipulated, equity will enforce a specific performance of the contract. 1 Sto. Eq., § 30; 2 Ib. Tit., Specific Performance.

2. Pratt has a vendor's lien on the mill property to secure the payment of the purchase money with interest. *Pratt v. Clark,* 57 Mo. 189.

3. The pretended sales by Eaton to Mrs. Clark, and by her to her son, Luther Hickok, were made long after the commencement of this suit.

4. The fact that Mrs. Clark paid more than her proportion of the purchase money, if true, will not prevent Pratt from holding a vendor's lien for the unpaid purchase money.

5. The allegation of Mrs. Clark in her answer, that she had bought Eaton's interest in the land and sold the same to her son, Luther Hickok, who in turn had sold it to one Linsenbarth, and that she had received the full amount of the purchase money before the commencement of this suit, is not supported by one particle of evidence.

6. The obligation given by John Clark and Henry Eaton to indemnify Pratt against any loss resulting from the failure to remove or pay off said incumbrance, was no waiver of the vendor's lien of Pratt on the land sold by him to Mrs. Clark and Eaton. John Clark was bound by his covenant of warranty in the deed from Mrs. Clark and John Clark to Pratt for lot 110. Eaton was one of the vendees of the land sold by Pratt to them, and Pratt had a lien on the land, against him, as a purchaser, for the unpaid balance of the purchase money. He only undertook to do in the bond, what the law would have compelled him to do had he not given the bond; that is, it would have enforced the vendor's lien, on the land for the balance of

the purchase money. *Delassus v. Poston*, 19 Mo. 425 : *Skinner v. Purnell*, 52 Mo. 96 ; *Gill v. Clark*, 54 Mo. 416 ; *Sitz v. Deihl*, 55 Mo. 20 ; *Emmerson v. Whittlesey*, ib. 259 ; Lead. Cas. Eq. 272.

7. A security is not a positive waiver of the lien, or its extinguishment. If a security is taken, the burden of proof lies on the vendee to show that the vendor agreed to rest on that security and to discharge the land. (2 Sto. Eq., §1226.) Even the taking an independent security, as, for instance, a mortgage on another estate or a pledge of personal security, has been held not to be conclusive evidence that the lien has been waived. Id. *Brown v. Gilman*, 4 Wheat. 290; S. C. 1 Mason 212 ; *Hughes v. Kearney*, 1 Sch. & Lefr. 135 ; *Saunders v. Leslie*, 2 B. & Beatt. R. 514.

*Lay & Belch* for defendant in error.

1. When Pratt sold this property to Eaton, and took from Mrs. Clark other property upon which there was an incumbrance, with an express agreement with her that she was to pay off that incumbrance, this showed his intention to rely on that promise, and thereby waive the equitable lien. This was a separate special agreement with her and not an agreement with her and Eaton.

2. He waived his lien by taking the obligation of Clark and Eaton to pay off the incumbrance when due. The matter of removing the incumbrance was a separate and distinct contract between Mrs. Clark and Pratt; nor was John Clark a party to the contract of purchase by Mrs. Clark and Eaton. By his bond of indemnity he obligates himself when there was no obligation before. No anterior verbal agreement had any binding effect on him. He was not bound by the warranty in the deed, for he gave none. The bond shows an express intention to vary the original contract. It reads : " For the further consideration of one dollar, to us in hand paid, we do obligate and bind ourselves *to pay off* and discharge said note when the same

shall become due and payable; and all interest and costs that may be due thereon, and in default of such payment by us, to save the said Pratt harmless." This is not only a waiver by operation of law, but by the express agreement of parties. 1 W. & T. L. C. 364; *Adams v. Buchanan,* 49 Mo. 64; *Delassus v. Poston,* 19 Mo. 425; *Emmerson v Whittlesey,* 55 Mo. 254; *Durette v. Briggs,* 47 Mo. 356. The fact that Clark was the husband of one of the contracting parties, and acted as the agent for his wife, does not change the law. The plaintiff seems to rely on the fact, that Clark was and continued insolvent; this does not change the law. It is accepting personal security that evidences the *intention* to waive the equitable lien. The legal effect attached the moment Pratt accepted Clark's bond and was not held in abeyance, dependent upon his future solvency or insolvency.

3. Mrs. Clark had long before the institution of this suit sold out, and conveyed all her interest, and her vendees should be made parties.

SHERWOOD, C. J.—This case was here before, (57 Mo. 189) when we took occasion to declare our views in respect to vendor's liens. When the case was remanded, the defendant, John Clark, having died, and Eaton failing to answer, Mrs. Clark answered, putting in issue the allegations of the petition and setting up certain matters of defense which will be hereafter adverted to. On the hearing, the result was adverse to the plaintiff, and he comes here by writ of error. The case before us, had its origin as will be seen by the volume referred to, in an exchange of certain real estate known as Pratt's Mill, owned by plaintiff, for in-lot No. 110, in the City of Jefferson, owned by Mrs. Clark as her separate estate. The substance of the agreement was, that Mrs. Clark was to convey the above mentioned lot in part payment for the mill tract, which was to be conveyed by Pratt to Mrs. Clark and Eaton, and Mrs. Clark was, upon the exchange of titles, to remove an incumbrance, then exist-

*[margin note: 1. EQUITY: vendor's lien; exchange of realty: agreement to remove incumbrance.]*

Pratt v. Eaton

ing on the city property for $1,000. On the exchange of deeds this contract was not complied with, and after vain efforts to have it done, plaintiff was forced himself to satisfy the incumbrance, and therefore brings this suit for specific performance of the agreement, and to have a vendor's lien declared against the mill tract property, to the extent of the incumbrance he was thus compelled to remove.

We pass as unworthy extended comment one of the defenses that Mrs. Clark had conveyed anterior to the institution of the suit, the real estate now sought to be charged to one Luther B. Hickok and he to one Linsenbarth, as there is not a particle of evidence offered in support of that allegation, nor of the one that Hickok was a purchaser without notice. So that the only question of any practical importance is whether there has been a waiver of the vendor's lien on the mill tract by Pratt in accepting the bond given to him by Clark and Eaton. This bond was conditioned that the obligors therein should pay off the incumbrance on in-lot 110, and to save Pratt harmless. We do not regard this bond in the light of a collateral or independent security, whose acceptance would be held as tantamount to a waiver of Pratt's lien on the tract which he exchanged for the city property; for the reasons that Eaton was one of the vendees, and, therefore, could not be regarded as a third person; and as to Clark, although his notorious insolvency would not perhaps affect the question, yet he was already bound by his covenants contained in the deed from himself and wife to Pratt, and expressed in the words " *grant, bargain and sell,*" and his bond could do no more. But conceding that this view is not wholly free from question, still the acceptance of the bond cannot, under our decisions, be held as *conclusive* evidence of the waiver which it is claimed had occurred. (*Durette v. Briggs,* 47 Mo. 356. In *Sullivan v. Ferguson,* (40 Mo. 79) where a guaranty very similar to the bond above mentioned, was given by a *third*

2. VENDOR'S LIEN: waiver of.

person, doubt was expressed as to its sufficiency to abrogate the lien, and so the case was not put alone on that ground. If the delivery of even an independent personal security is not *conclusive,* then evidence of intention is admissible; and it would seem the duty of the vendor who desires to resist the inference to be drawn from the acceptance of such independent security, to introduce competent testimony to the effect that he did not design to relinquish his lien. (*Durette v. Briggs, supra.*) In the case at bar, the lien had already existed for months before the bond was given, showing that there was no intention at least, at the outset, to waive the lien. All the cases cited from the books, show a waiver *before* the lien had ever attached. But Pratt's intention not to accept the bond as a bar of his vendor's lien, is conspicuously shown by the prominent fact that after the bond was given, he continuously demanded of Clark who, down to the time of his death was his wife's agent, to perform the contract and remove the incumbrance, as he and his wife had agreed. And that the wife so agreed, is admitted both in her answer and in her testimony, and that Clark himself, long after the bond was given, still viewed the obligation to remove the incumbrance on the city property as subsisting, is shown by his repeated declarations to that effect. Taking all these circumstances into consideration, as well as others of a kindred nature, which the record discloses, all pointing to the facts that the lien was created on the mill tract, and that it was never waived, and that the removal of the incumbrance on the city property and the interchange of deeds were to be *concurrent acts,* we feel no hesitancy in holding that it would be against equity and good conscience to permit Mrs. Clark to hold the mill tract discharged of the lien or implied trust, which attached at once thereto by implication, when the deeds were delivered. We shall in consequence of these views reverse the judgment of the court below, and will direct that court in conformity hereto, to enter a decree in this cause, declaring that a ven-

dor's lien exists on the mill tract, equal in amount to that which Pratt was compelled to pay, together with accrued interest, for the removal of the incumbrance on the city property, and that the property on which such lien is declared to exist, be sold for the enforcement thereof. Judgment reversed and cause remanded. All concur.

REVERSED.

## Motion for Rehearing.

*Lay & Belch* for respondents moved for a rehearing, on the grounds: 1. That the court had overlooked the material fact, that lot 110 was the separate property of Mrs. Clark; 2. That the court should not have ordered the sale of the mill tract. It should, at most, have reversed the judgment. The decree, as rendered, cuts out Hickok and Linsenbarth, who are innocent purchasers, and are not parties to the suit.

The court bases its conclusions upon the fact that John Clark, having joined his wife in the sale of her separate property, he was, therefore, bound by the statutory covenant implied in the words "grant, bargain and sell." The intent of the parties to the deed should control. 10 Mo. 587; 4 Cruise Dig. Ch. 19, Sec. 1. As the statute required the husband to join in this deed, it was clearly John Clark's intention to comply with the statute and nothing more. All parties so treated the conveyance. This appears from the position of his name in the deed following hers. This shows the intention, and it is not answered by the assertion that she was not bound by the covenants. But conceding that he was bound, implied covenants are construed strictly, and no action will lie upon them unless it comes within the *letter* of the implied covenants. Rawle Cov. Tit. 486; Sugden Vendors 424; *Winston v. Vaughan*, 22 Ark. 72; *Cain v. Henderson*, 2 Binn. (Pa.) 108; 3 Pa. 322. It is conceded that the debt was Mrs. Clark's debt, contracted by her, and made a lien on her separate estate, and was not Clark's

debt. Then these covenants bind him to what? That the real estate was free from incumbrances done or suffered by the grantor—by him. There was none; and the covenant cannot be enlarged to include incumbrance done or suffered by his wife. Wag. Stat. 274, § 8. But what better position does it place plaintiff in, if it be held that Clark did bind himself? Then we contend that plaintiff waived his vendor's lien at the time he accepted these covenants; for John Clark was a stranger to the contract of purchase of the mill tract.

Another and underlying error in this decision is that the court treated this as an exchange of property. It was not so; it was purely a transaction of bargain and sale. The recitals in the deeds show this, and preclude all inference of exchange. Sharswood, J., in *Drain v. Shelly*, 57 Pa. St. 426, says exchanges have fallen into disuse in modern conveyancing. To make an assurance of this character, it is indispensable that the word *escambium* should be used  *   *   *   *   so indispensably necessary that it cannot be supplied by any other word or described by any circumlocution. There being no exchange, this action can not be maintained on the principle that plaintiff retained his lien.

There is nothing to show that Clark was authorized to act or speak for his wife after the consummation of the respective sales; and his declarations after that time should not be considered. This is the general rule, and it applies with especial force when it is attempted to hold the wife responsible for her husband's declarations.

It may be that if Pratt had failed to execute a deed to the mill property, under the circumstances of this case equity would deny relief to Mrs. Clark. The principle is well settled that on many unconscionable contracts equity will deny relief, when in the same character of cases, after the contract has been consummated, it will refuse to annul it or relieve the wronged party. Mrs. Clark may have been guilty of wrong, but this court can afford Pratt no

Pratt v. Eaton.

relief. He must take the fruits of his contract, just as millions have stood upon their miscalculations, folly, or over-confidence.

*Per Curiam.*—We are thoroughly conversant with the facts of this case. We did *not* overlook the material fact that Mrs. Clark possessed a separate estate in the in-lot 110 in the city of Jefferson. And it is diffi- 1. HUSBAND; WIFE'S PROPERTY: statu- tory covenants. cult to see how counsel could *read* the opinion and fail to observe what is *expressly stated therein.* It was at the *option* of Mr. Clark, whether he joined in the covenant contained in the words "grant," "bargain" and "sell." Having made such a covenant, he is as much bound thereby, *as if the owner in fee.* If this were not so, the result would be simply this: that in every case where the separate property of the wife in lands is sold, the statutory covenants in such deed would be, as covenants, wholly worthless. Worthless, as to the *wife*, because the statute (§ 2, p. 273) explicitly provides that "no covenant, express or implied in such deed, shall bind the wife or her heirs except so far as may be necessary effectually to convey from her and her heirs all her right, title and interest expressed to be conveyed therein." Worthless as to the *husband*, because he (as counsel assume) is not, under the provisions of the statute, (§ 8, p. 274) a "*grantor.*" In other words, that you may obtain as many implied covenants from a husband as you please, *but when you get them*, they are, in all instances where they occur in conveyances made by husband and wife, of the separate estate of the latter, of not the *slightest value! The bare statement of such a proposition, is its own ample refutation.* But even were this point ruled in the manner claimed by counsel, it would neither gainsay nor affect the conclusion reached. For, as the opinion shows, the taking of independent security is not *conclu-* 2. VENDOR'S LIEN: waiver of. *sive* evidence of the waiver of the vendor's lien; that in consequence of this, it was competent to show the intent of the parties to the transaction. This

evidence was furnished by the declarations of Clark, who continued down to the time of his death to be his wife's agent; declarations made whenever Pratt called on him to have the agreement performed for the removal of the incumbrance; declarations wholly inconsistent with the idea that the bond was received as a manifestation of a waiver of the lien. In relation to the effect of the "suggestion" of the property having been conveyed to purchasers without notice, we certainly shall pay no attention to matters respecting which, not the least evidence was furnished in the lower court. If, indeed, there are other parties interested, purchasers without notice, their rights are not in the smallest degree damnified by the decree ordered to be entered. The motion for rehearing is therefore overruled.

OVERRULED.