DAVENPORT v. MURRAY et al., Appellants.

1.  **Pleading**: VENDOR'S LIEN.    Whether a petition is multifarious or
not, is to be determined, not from the prayer, but from the allega-
tions contained in it.    Hence, when the petition stated that plaintiff
sold certain land to defendants, who were husband and wife, and at
their request made the deed to her, vesting in her a separate estate,
and that both defendants gave their note for the purchase money,
and then prayed for a general judgment against the husband on the
note, a special judgment against the separate estate of the wife, and
for a sale of the land to satisfy a lien which the plaintiff claimed as
vendor; *Held*, that the petition set out only one cause of action, its
object being to obtain a judgment against the husband for the unpaid
purchase money and to subject the land to sale for its payment.

2.  **Vendor's Lien**: EVIDENCE.    The petition in a suit to enforce a
vendor's lien misdescribed the estate vested in the vendee by the
vendor's deed, *Held*, that this did not make the deed inadmissible in
evidence, because the real question was whether the land was sub-
ject to the lien, and that did not depend on the character of the
vendee's estate.

3.  ———: HUSBAND AND WIFE: PAROL EVIDENCE.    Taking the hus-
band's name on the wife's note for the purchase money of land
conveyed to the wife, does not waive the vendor's lien for the pur-

chase money where the purchase was made by the husband and the land was conveyed to the wife at his request; and parol evidence is admissible to show that the purchase and conveyance were so made.

*Appeal from Lafayette Circuit Court.*—Hon. Wm. T. Wood, Judge.

*Alex. Graves* for appellants.

*Rathbun & Shewalter* for respondent.

Norton, J.—This suit was instituted in the circuit court of Lafayette county to enforce a vendor's lien. On a trial of the cause plaintiff obtained judgment, from which defendants, after motions in arrest and for new trial had been overruled, have appealed to this court. The errors assigned are that the court erred in overruling defendants' motion to require plaintiff to elect on which cause of action she would proceed; in overruling demurrer to the petition; in sustaining plaintiff's motion to strike out part of answer, and in admitting illegal evidence.

The petition alleges that plaintiff was the owner of certain land therein described, that she sold the same to defendants, (they being husband and wife,) and, at their request, made the deed to the wife, vesting in her a separate estate; that, for the unpaid purchase money the note described in the petition was given and signed by both defendants. Plaintiff asks judgment against defendant T. B. Murray, a special judgment against the separate property of defendant Lucretia Murray, and for sale of the land in question to discharge the vendor's lien. It is claimed by defendants that the petition contains two causes of action in the same count, and that, for that reason, the motion to require plaintiff to elect on which cause she would proceed ought to have been sustained. As we construe the petition, it substantially sets forth but one cause of action, that being simply to subject the land conveyed to the payment of the unpaid purchase price. It is true that a judgment is prayed for against Thomas B. Murray, as well as a special

judgment against the separate property of Lucretia, and that the real estate be sold to satisfy the lien of the vendor, but the character of the petition is not to be determined from its prayer, but from the allegations it contains.  Applying this test it would seem that all the pleader intended to accomplish was to obtain judgment against defendant T. B. Murray, for the unpaid purchase money and subject the land to sale for its payment.  *Henderson v. Dickey*, 50 Mo. 161; *Ames v. Gilmore*, 59 Mo. 537.  What is here said in regard to this motion applies also to the demurrer to the petition on the ground of multifariousness in stating two causes of action in the same count.  We perceive no error in the action of the court in overruling both the motion and demurrer.

Plaintiff offered in evidence the deed from her to Mrs. Murray.  This was objected to on the ground of variance in this, that the petition alleged that the deed vested in Mrs. Murray a separate estate, when in fact it conveyed to her an absolute estate subject to the marital rights of her husband.  This objection, we think, was properly over-ruled, as the real question involved was whether the land held by her under the deed (without regard to the estate conveyed, whether separate or absolute), was subject, under the facts in the case, to a vendor's lien.  The answer admits that the note was given in consideration of the land.  When defendant accepted the conveyance she knew that the portion of the purchase money represented by the note was unpaid, for she admits in her answer that the note was given in consideration of the land, but denies that there was a vendor's lien retained.  Although the pleader may have mistaken the legal effect of the deed in alleging that it conveyed a separate estate, when in fact it conveyed an absolute estate, still the right of the vendor to subject the land to the paymennt of the purchase money remained, unless it had been waived or abandoned.

And what will, or will not, constitute a waiver is thus

clearly expressed in *Emison v. Whittlesey*, 55 Mo. 254. " The implied lien of a vendor will be sustained whenever the vendor has taken the personal security of the vendee only, by bond, note or covenant, which will be considered as intended to countervail the receipt of the purchase money contained in the deed or to show the time and manner in which the payment is to be made, unless there is an express agreement to waive the lien ; and on the other hand the lien will be considered as waived whenever any distinct and independent security is taken, whether by mortgage on other land, pledge of goods or personal responsibility of a third person, and also when a security is taken on the land either for the whole or a part of the unpaid purchase money, unless there is an express agreement that the lien shall be retained." It is insisted that the evidence of Mrs. Davenport, the plaintiff, showing that the contract of purchase was made with Thomas B. Murray, the husband of Lucretia, and that the deed was made to her at his request, was inadmissible, because it was contradictory to and explanatory of the deed. The evidence offered was not open to this objection. Its purpose was not to add to, alter or vary the deed, or to determine the character of the estate conveyed thereby, but simply to show that the price agreed to be paid for the land conveyed had not been paid, and that Lucretia, the grantee in the deed, accepted it with knowledge of this fact. We think it was entirely competent to show this, and without resort to such evidence, it would be difficult, if not impossible, for a vendor of land, who had executed a deed to the vendee and taken his note for the purchase money, to enforce such lien. If the deed in question had named the husband as grantee, and he had made a voluntary conveyance to the wife, the land thus conveyed would have been chargeable in her hands with the lien, and the mere acceptance by the wife in the first instance of a conveyance from the vendor at the request of the husband, who contracted

for the land, could not change the rights of such vendor. Judgment affirmed, in which the other judges concur.

AFFIRMED.