Bennett v. Shipley.

BENNETT, *Administrator*, v. SHIPLEY *et al., Plaintiffs in Error.*

1. **Deed of Trust, Acknowledgment of.** A deed of trust acknowledged before the trustee therein, where its execution is duly proved, is good between the parties thereto and those claiming under them.

2. **Vendor's Lien:** PURCHASE MONEY. A vendor's lien upon land for the purchase money therefor exists independent of any agreement to that effect between the contracting parties.

3. **Exchange of Lands:** DEED OF TRUST, TRANSFER OF: EQUITY: VENDOR'S LIEN: HOMESTEAD: DOWER. Where B. and D. exchanged lands, D. promising to transfer a deed of trust, in which his wife had not joined, from the land traded B. to that received from B., but died insolvent without making the transfer, and B. lost the land obtained from D. by sale under the trust deed, equity will give B. a lien on the land traded to D. for the purchase price thereof, and the homestead and dower right of D.'s widow will be subject to such lien. But B. having quit-claimed to the *cestui que trust* for $500, after the trust sale, for the purpose of divesting the widow of her dower, his vendor's lien will be reduced that amount.

*Appeal from Harrison Circuit Court.*—HON. S. A. RICHARDSON, Judge.

AFFIRMED.

*D. S. Alvord* for plaintiffs in error.

Plaintiff ought not to recover for the reason that the record shows that plaintiff's intestate had full notice of the Dyer incumbrance on the land Dyer traded to him, and that he depended upon Dyer removing same. Both parties having equal knowledge of the condition of title, there was no fraud. See Kerr on Fraud and Mistake, p. 233. The defendant, Lucinda Shipley, had a right to hold said land under the homestead laws of the State of Missouri.

*D. J. Heaston* for defendant in error

The deed of trust given by Dyer was an incumbrance on the land, and was properly made a lien on the land Dyer got from Bennett, as for that much purchase money. *Pratt*

*v. Clark*, 57 Mo. 189; *O'Neill v. Capelle*, 62 Mo. 207; *Close v. Graham*, 64 Mo. 249; *Blackburn v. Tweedie*, 60 Mo. 505; *Dail v. Moore*, 51 Mo. 591; *Steward v. Wood*, 63 Mo. 255; 2 Story Eq. Jur., (8 Ed.) §§ 1218 to 1225; 4 Kent Com., (9 Ed.) top p. 170, side p. 152; 2 Washburn Real Prop., (4 Ed.) p. 506, §§ 87, 88; *Pratt v. Eaton*, 65 Mo. 157; *Skinner v. Purnell*, 52 Mo. 96; *Carter v. Holman*, 50 Mo. 498; *McQuie v. Peary*, 58 Mo. 58; *Cornet v. Bertelman*, 61. Mo. 118. Although Slatten's deed of trust was acknowledged before the trustee therein, yet it was good as against Dyer and those claiming under him, and all others having actual notice. *Black v. Gregg*, 58 Mo. 565. Mrs. Dyer could have no dower in preference to the purchase money. Wag. Stat., 698, § 5; 51 Mo. 221; 57 Mo. 552; R. S., § 2188. .

RAY, J.—Josiah Bennett instituted this proceeding in the circuit court of Harrison county, Missouri, at the March term, 1876. He died April 20th, 1877, and at the September term, 1877, his death was suggested and the action renewed in the name of his said administrator, Henry Bennett, the present plaintiff. The subject matter of the controversy grows out of an exchange of farms between said Josiah Bennett and one Joseph Dyer. The defendant, Lucinda Shipley, was formerly the wife and widow of said Joseph Dyer, and has since intermarried with said George Shipley. The said George W. Flint is the administrator of the estate of said Joseph Dyer. The other defendants are all the children and heirs of said Dyer and are all minors, except the defendant, Mary C. Stanley, formerly Mary Dyer, and intermarried with her said husband Hiram Stanley. The pleadings, so far as we think material, are in substance as follows: The amended petition alleges that on January 15th, 1872, Joseph Dyer, now deceased, owned the following lands in Harrison county, Missouri. The west half of the southwest quarter of section 11, township 64, range 26, and the northwest fractional quarter, west of Grand River, of section 13, same township and range.

29—82

That Josiah Bennett owned the west half of the northwest quarter of section 30, township 65, range 26, and the west half of the northwest quarter of section 30, township 65, range 27, in said county. That on that day said Bennett and said Dyer traded their said farms, by which trade each was to convey to the other by warranty deed their said lands respectively, free of incumbrances. That on said January 15th, 1872, Bennett executed his deed to Dyer and that Dyer and wife executed their warranty deed on April 13th, 1872. That at the date of said trade there was on the land Dyer traded to Bennett an unsatisfied deed of trust to secure to one Joseph P. Slatten a note for $1,587.50, and that it was agreed between Dyer and Bennett that Dyer was to change said deed of trust to the land Bennett traded to Dyer, and that there upon said deeds were exchanged, but that Dyer failed to effect said change of the trust deed. That Dyer died insolvent. That his widow afterwards married defendant, George Shipley; that said trust deed was foreclosed, and that by reason thereof, Bennett lost the land he got of Dyer. Judgment is asked against defendants for $1,500, and for the enforcement of a vendor's lien against the land Bennett traded to Dyer.

The separate answer of said Lucinda Shipley, as far as material, is in substance as follows: It admits the death of the parties and subsequent marriage of Mrs. Dyer; it admits that the farms were exchanged and the deeds made, but claims the trade was made and deeds executed without any understanding that either party reserved a lien for the purchase price, or that the incumbrance on the Dyer land was to be removed, and with no contract or obligation other than what was contained in the covenants of the deeds. It then set up facts claimed to show the right of homestead in defendant, Lucy Shipley, to said west half of the southwest quarter section of section 11, township 64, range 26, which is part of the land involved in this suit. It charges further that she did not sign the trust deed to secure Slatten on the land traded by Dyer to Bennett, of which

her late husband was seized in fee with his title on record long prior to the date of the trust deed, and which was occupied as their homestead, and did sign the deed to Bennett expecting to have the same interest and rights as to homestead and dower in the land traded by Bennett to Dyer; that she had no notice of any incumbrance on her husband's lands, and that for the reason that she had not joined in the deed of trust said Slatten paid to Bennett $500 to get her interest in the land traded to Bennett. It charges that said deed of trust was acknowledged by D. J. Heaston, the trustee therein, and was, therefore, void in law, constituted no notice to Bennett, and was no incumbrance on the lands embraced therein. There was a guardian *ad litem* appointed for said minor children, defendants, and their answer is in the usual form. The replication to the separate answer of Lucinda Shipley was a general denial of all its allegations.

From the pleadings and evidence we gather, the material facts to be as follows: The farms exchanged by Dyer and Bennett in January, 1872, were about eight miles apart, embraced about the same number of acres, and were, it seems, of about equal value. Each of them was to execute a warranty deed for the land by them owned. About a week after they had agreed to make the exchange, Dyer and Bennett went to town to execute the deeds, but found the notary absent from home. Dyer then gave Bennett the numbers of the land, with instructions to have the notary draw the deeds for him to execute when he came in. On January 15th, Bennett went to see the notary, who then drew up both deeds, both of which bear the same date; and Bennett then signed and executed his deed, and left it with the notary. On January 17th, two days afterward, the parties removed and changed the possession of their farms respectively. Dyer and wife executed and acknowledged their deed to Bennett, April 13th, 1872. It was filed for record March 24th, 1873, while Bennett's deed to Dyer was filed for record April 25th, 1873. These deeds were read

in evidence by plaintiffs below, as was also a certain deed of trust on the land Dyer traded to Bennett, executed by Dyer alone, his wife, the defendant Lucinda Shipley, not joining therein. Said deed of trust was dated August 20th, 1869, was acknowledged before Heaston, the trustee therein, and filed for record the same day. It was given to secure a note for $1,587 in favor of Joseph Slatten. Its admissibility in evidence was objected to by defendants on the grounds that it was acknowledged before the trustee therein, that it imparted no notice and was void in law. Upon proof by said Heaston and Slatten of its execution, that they saw the same as well as said note signed by said Dyer, the trust deed was admitted and defendants excepted. Plaintiff also read sheriff's deed of said land to said Slatten, made in pursuance of a sale under said trust deed and dated April 4th, 1874.

At the time of the trade and exchange of possession Bennett assured Dyer that his lands were free of all incumbrances, and Dyer said his were all right, and Bennett then had no knowledge of the existence of the trust deed. The proof shows, though the dates are not fixed with entire certainty, that before Dyer's deed was fully executed, but after their exchange of possession, Slatten told Bennett about the deed of trust and agreed to change the trust deed from one farm to the other, and that Dyer, whom Bennett then went to see about it, also said that he would have the trust deed transferred. A number of witnesses testified, against defendants' objection, to hearing Dyer say on different occasions that he would transfer the deed of trust, or that if Bennett lost his lands thereby he would deed back the lands Bennett traded to him.

About June 2nd, 1873, Dyer went away and was killed on the railroad. He died insolvent. The record of the probate court was offered, showing that the west half of the southwest quarter of section 11, township 64, range 26, being a part of that sought to be affected by this proceeding was set off to defendant, Lucinda Shipley, as a homestead.

'The land Bennett got from Dyer was sold under the Slatten deed of trust, and was thereby lost to Bennett. This suit was brought, as the petition discloses, to have the amount of said deed of trust declared a lien upon the land Bennett traded to Dyer. As we have said, Mrs. Dyer had not joined in the trust deed, and as Dyer was dead, Slatten got Bennett to quit-claim for $500 the land to him, in order to get Mrs. Dyer's dower right. The quit-claim deed was read in evidence by defendants. The cause was submitted to the court without any declarations of law being asked by either party, and the court found for plaintiff, and gave a lien on the Dyer land for $800, and from this judgment this writ of error is prosecuted.

The objections made on the trial, and urged here, that said deed of trust was inadmissible in evidence are not well taken. Although acknowledged before the trustee therein, yet execution thereof was duly proved, and it is well settled that it is good between the parties and those claiming under them. *Siemers v. Kleeburg*, 56 Mo. 196; *Black v. Gregg*, 58 Mo. 565. It seems to be the theory, in part, of the answer in this case that there could be no vendor's lien unless there was an express agreement that it should be reserved. This view, we think, is incorrect. " Although sometimes placed upon the the footing of an express agreement or assent, it is now held to be independent of such consideration." 1 Hilliard Real Prop., 674. This court considering the subject of such liens in *Pratt v. Clark*, 57 Mo. 191, said: " The authorities also maintain that this lien or implied trust has ' its foundation in the earliest principles of courts of equity,' and exists entirely independent of any agreement between the contracting parties." As was there further said, the principle on which the lien, which is in the nature of a trust, is founded, is that it would be against conscience to permit a person who has obtained the land of another to keep it and not pay the full consideration money. It was charged in the petition, as we have seen, that it was agreed between Dyer and Bennett that Dyer

was to change the trust deed from one farm to the other and the deeds thereupon exchanged, and that Dyer failed to make such transfer. Without going into details we think the evidence sufficiently shows that this was so, and that the agreement was never complied with. The facts of the case bring it within the control of the principles announced by this court in *Clark v. Pratt, supra,* which was again before this court, entitled *Pratt v. Eaton,* 65 Mo. 157. In that case, as in this, there was an exchange of real property and an encumbrance on the piece owned by one of the parties which was agreed to be removed, but the agreement was not complied with and the party to whom it was exchanged was compelled to pay it off. It was held that so much of the consideration had failed and a vendor's lien given for the amount paid to clear the incumbrance. In this case owing to Bennett's want of prudence, it may be, and to Dyer's want of frankness, the possessions were exchanged as we have stated without anything being known by the former or anything said by the latter about the Slatten deed of trust; but before the deeds were fully executed and delivered and the title passed there was a distinct understanding between them, to which it seems that Slatten, the beneficiary in the deed of trust, was willing, that said incumbrance would and should be transferred from one farm to the other. It was never done, and the land Bennett got from Dyer was sold thereunder and went to pay Dyer's debt. Dyer's estate is insolvent and plaintiff has no adequate legal remedy, and his right to his vendor's lien we think clear. The right of the defendant, Mrs. Shipley, formerly Mrs. Dyer, to a homestead in the lands involved was rightfully held by the trial court to be subject to the lien of the plaintiff for the purchase price. The right to dower therein would, also, be subject thereto. R. S., § 2188.

The only remaining matter suggested for our consideration is the quit-claim deed made by Bennett to Slatten for the land traded by dyer. It bears date March

13, 1875, nearly a year after the sale under the deed of trust. It was taken by Slatten because Mrs. Dyer had not joined in the trust deed, but had joined in the deed to Bennett. Dyer was dead and the consideration therefor, $500, was paid to get her dower right. This was all that Bennett got by his deed from Dyer. The court reduced the plaintiff's claim on that account, and only decreed a vendor's lien on the land for $800.

We see no error in this action of the court, and its judgment is affirmed. All concur.