WILLIAMS, *Assignee*, v. CROW *et al.*, *Appellants*.

1. **Vendor's lien:** SALE OF LAND. A vendor of land is entitled to enforce a lien against it for the amount of a judgment recovered against him by a lessee on a contract of lease, it appearing that the vendee, as a part consideration for the land, had stipulated in the deed to indemnify the vendor against all claims arising out of the lease, and had failed to do so.

2. ———: HUSBAND AND WIFE: PAROL EVIDENCE. Nor is the vendor in such case precluded from enforcing his lien because the conveyance was made at the request of a husband to his wife, the evidence establishing the fact that the husband had contracted for the land and paid for it; and parol evidence is competent to show that the purchase and deed were so made.

*Appeal from Clark Circuit Court.*—HON. B. E. TURNER, Judge.

AFFIRMED.

*Givens & Meryhew* and *Wm. Berkheimer* for appellant, ANN W. CROW.

(1) The contract on which defendants rely is, as to

Ann W. Crow, who was at the time a married woman, simply a contract of indemnity against damages sustained by a suit which might in future be brought against her grantor, and while it might bind her in Iowa under the code of that state, yet as plaintiff sought to enforce it in this state, the law of the *forum* will govern. 2 Parsons on Contracts, pp. 83-84. *Nash v. Tupper*, 1 Caines 402; 1 Daniel on Neg. Ins., sec. 882. (2) A contract cannot be enforced against a married woman. *Bauer v. Bauer*, 40 Mo. 61; *Higgins v. Peltzer*, 49 Mo. 152; 2 Sugden on Vendors (14th Ed.) p. 382. (3) A vendor's lien will not be enforced to compel the performance of a contract of indemnity against contingencies which are uncertain or may never happen. 2 Sugden on Vendors 380; *Payne v. Avery*, 21 Mich. 524; 13 Gratt. 615; *McKillop v. McKillop*, 8 Barb. 552; 4 Kent Com. 153. (4) Mrs. Crow had no notice of the suit in the circuit court of Lee county, Iowa, between William Bailey, Jr., and William Bailey, Sr., and was not bound by the judgment. *Nercross v. Hudson*, 32 Mo. 227; *Fallon v. Sullivan*, 16 Mo. 168; *City of St. Louis v. Bissell*, 46 Mo. 157; 2 Greenl. on Evidence, page 286, sec. 244. And the admission of the record of said case for that reason was erroneous. (5) The court erred in admitting in evidence section 2594, Code of Iowa of 1873, for the reason that there was no allegation in the petition authorizing its introduction. The statutes of a sister state are facts and must be proved like any other fact. *Milly v. Smith*, 2 Mo. 36: *Babcock v. Babcock*, 46 Mo. 243; *Morris v. Wiggins Ferry Co.*, 47 Mo. 521; 25 Mo. 465. (6) The petition must contain all the facts necessary to constitute a cause of action. Revised Statutes, section 3511, cases cited. *Scott v. Robards*, 67 Mo. 289; *Pen v. Heinrichoffer*, 52 Mo. 333. And the code has only obviated the necessity of using technical and formal averments. *Conway v. Reed*, 66 Mo. 346; Green and Myers' Pleading, page 188, sec. 489, cases cited. (7) The court erred in not sustaining defendant's motion in arrest of judgment, for the reason, that the

petition did not contain facts sufficient to constitute a cause of action against defendant; and cites the authorities aforesaid. (8) There was no proof that defendant had a separate estate to be charged, but shows that hers was a fee, which is not such an estate as a married woman can charge. *Bauer v. Bauer*, 40 Mo. 61.

*Isaac R. Williams* for respondent.

(1) The evidence shows that Bailey made the sale of the land to George R. Crow, and at the latter's request the deed was made to Ann W. Crow. Such being the case, the objection to the action because Mrs. Crow is a married woman is not well taken. *Davenport v. Murray*, 68 Mo. 198; *Hunt v. Marsh*, 80 Mo. 396. (2) The lease was not different from a mortgage or other incumbrance on the land, so far as its certainty was concerned; the land was encumbered by a lease of ten years. (3) It is too late to make the objection for the first time in this court that the trial court erred in admitting in evidence section 2213, of the Iowa code. (4) The evidence shows that the contract sued on was a part of the consideration of the land, and parol evidence was, therefore, admissible to explain it.

NORTON, J.—This suit was instituted in the circuit court of Clark county to enforce a vendor's lien against certain land in said county, described in the petition. Plaintiff had judgment as prayed for in the petition from which the defendants have appealed.

The case made on the trial is as follows: William Bailey, Sr., who resided in the state of Iowa, was the owner of the land described in the petition; on the twenty-seventh day of November, 1876, he leased the same to his son, William Bailey, Jr., for the period of ten years from the first day of March, 1877. It also appears that defendant, G. R. Crow, who was also a resident of the state of Iowa, with full knowledge of the existence of said lease, entered into negotiations with said Bailey,

Sr., for the purchase of said land, which culminated on the fourteenth of February, 1877, in said Bailey executing a deed of general warranty, conveying, at the request of the said G. R. Crow, the said land to defendant, Ann W. Crow, the wife of defendant G. R., the consideration named in the deed being $1,000, which was paid.

At the time of the execution of this deed, and as part thereof, the following written agreement was made:

" STRING PRAIRIE, LEE COUNTY, IA.,<br>"November 27, 1876.

"That on the 14th day of February, 1877, William Bailey, senior, conveyed said land to appellant, Ann W. Crow, by a deed of general warranty, and that, as a part of said deed, appellants entered into the following agreement: 'Know all men by these presents, that, whereas, William Bailey and wife have this day executed to the undersigned Ann W. Crow their warranty to one hundred and nineteen acres of land in Clark county, Missouri; now it is expressly understood, as a part of said deed of conveyance, that a full warranty is given in said deed at the request of grantee; whereas, said grantors, it is expressly agreed, shall not be responsible upon their said warranty for any claim, right, title, or interest of one William Bailey, junior, of, in, and to said real estate, by virtue of a certain contract or pretended contract, dated twenty-seventh day of November, 1876, and entered into by and between William Bailey, junior, and William Bailey, grantor in said deed. It is further agreed, as a part of said conveyance, that the undersigned George R. Crow and Ann W. Crow will hold and keep said William Bailey, senior, grantor in said deed, harmless on account of the execution of said deed, and on account of any claim for damages or otherwise of said William Bailey, junior, against said William Bailey, senior, on account of a breach of said contract. It is further understood that said George R. Crow and his wife will employ counsel and defend any suit, and pay

all costs and expenses thereof, by said William Bailey, junior, against said William Bailey, senior, on account of said contract or any breach thereof, and will pay any judgment and costs recovered thereon against said William Bailey, senior. It is further agreed that should said William Bailey, junior, institute any suit against said George R. Crow or wife, on account of said land or the possession thereof, or on account of any breach of said contract, then the said William Bailey, senior, will on request transfer to said Crow or wife any and all claims, rights, and damages which he the said William Bailey, senior, has against said William Bailey, junior, at the date of this instrument, so that said Crow or wife may use them as a set-off or cross-claim or counter-claim in such suit.'

"Witness our hands February 14, 1877.

"WILLIAM BAILEY, SR.,

"GEORGE R. CROW,

"ANN W. CROW."

The evidence tended to show that Crow had the conveyance made to his wife to put the property beyond the reach of his creditors; that he was in failing circumstances at the time, and thereafter became insolvent. There was evidence tending satisfactorily to establish that the consideration of $1,000 was about half the value of the land, and that in consideration of this sum, and the agreement of defendants, above recited, to indemnify Bailey, Sr., against all claims that Bailey, Jr., might have against him, growing out of the lease, and pay all expenses incurred by him in defending against such claims, the deed to the land in question was made. It further appears that Bailey, Jr., sued Bailey, Sr., on the lease in August, 1878, and thereafter recovered judgment for $400 damages and $177.30 costs, which the defendants did not pay, but which plaintiff did pay, and also the further sum of one hundred and twenty dollars, attorney's fee. And it is these sums, aggregating $697.30 so paid which plaintiff seeks to enforce as a lien upon the land

so conveyed. It also appears that on the trial, plaintiff read in evidence section 2213 of the code of Iowa as follows: "Contracts may be made by a wife, and liabilities incurred, and the same enforced by and against her, to the same extent and in the same manner as if she were unmarried."

It further appeared that Crow was fully notified of the pendency of said suit of Bailey, Jr., against Bailey, Sr., was present at the trial and participated therein, reading the deed made by Bailey, and the contract entered into at the same time and as a part of the deed together, and we cannot resist the conclusion that the agreement to save Bailey, Sr., harmless, and pay all damages, costs and expenses, growing out of any suit brought against him by Bailey, Jr., on said lease, constituted a part of the consideration for the deed. The lease in question was an incumbrance on the land, of which Crow was fully informed, and, being such, the agreement of Crow to save Bailey harmless and pay all damages growing out of it, may be held to be as much a part of the purchase price, as if the land had been encumbered by Bailey, Sr., with a mortgage to secure a debt, which Crow assumed to pay either in the deed of conveyance or by an agreement in writing, made simultaneously with and as a part of the transaction. The defendants are before the court in the light of the evidence without a shadow of equity, and plaintiff is clearly entitled, notwithstanding the fact that title was put in the wife, to the relief prayed for.

In the case of *Davenport v. Murray*, 68 Mo. 198, when the purchase of land was made by the husband, and the land was conveyed to the wife at his request, and when the wife joined the husband in a note for the purchase price, it was held that parol evidence was admissible to show that the purchase and conveyance were so made, and that the vendor was entitled to have his lien enforced against the land so conveyed. See, also, case of *Pratt v. Eaton et al.*, 65 Mo. 157. In the case of *Davenport v. Murray, supra*, it is said that if the deed in

question had named the husband as grantee, and he had made a voluntary conveyance to his wife, the land thus conveyed would have been chargeable in her hands with the lien, and the mere acceptance by the wife, in the first instance, of a conveyance from the vendor, at the request of the husband, who contracted for the land, could not change the rights of such vendor. All the evidence in this case shows that the husband contracted for the land and paid for it, except that given by defendants who were examined in their own behalf, and they were abundantly impeached.

Judgment affirmed. All concur.