## JOSEPH SIMILY, Respondent, v. ADAMILIE ADAMS et al., Appellants.

**St. Louis Court of Appeals, April 23, 1901.**

1. **Vendor's Lien:** CONSIDERATION. A party can not hold land exempt from a vendor's lien until he has paid or performed the consideration for which it was purchased.

2. ———: ———: ———: SUBROGATION: TRUSTEE. In the case at bar, Adams' omission to fully perform his part of the consideration, compelled the respondent to take care of part of the debt that it was agreed the land should stand good for, and he should settle, which was equivalent to respondent's paying under compulsion, a portion of the purchase price; and entitles him to be subrogated to the trustees' lien therefor.

3. ———: ———: ———: STATUTE OF FRAUDS. And liens of this character are never held to be within the statute of frauds.

4 ———: ———: ———: WAIVER OF LIEN. Nor does the taking of covenants from the vendee amount to a waiver of the vendor's lien.

5. ———: ———: PURCHASE MONEY PAID BY A THIRD PERSON. Where the purchase money or a portion of it is payable to a

third person for the purchase price of land, such person is held to have a lien against the land.

6. ———: ———: ———. And when the purchaser of land assumes as part, or all of the price a debt which his vendor owes to a third person, this debt continues to be a charge on the land and may be enforced by the promisee for his own benefit.

Appeal from Phelps Circuit Court.—*Hon. Leigh B. Woodside*, Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

The record is meagre but we incline to concur with the trial court's findings. Earnest Broedlow owned some land which he executed a deed of trust on in favor of his brother, Andrew Broedlow, to secure a promissory note for one thousand dollars. This was done in 1894. D. E. Cowan was trustee. It seems Earnest Broedlow had made a subsequent deed of trust on the land to secure another note of uncertain amount, from four to six hundred dollars, on which Joseph Simily, the plaintiff, H. B. Adams, deceased, and, perhaps, D. E. Cowan, were sureties. The first deed of trust was about to be foreclosed; so Adams and Simily, fearing they would have to pay the note on which they were sureties for Earnest Broedlow and have no means to reimburse themselves, bought Andrew Broedlow's note, thus obtaining control of the prior deed of trust. They paid part cash and gave their note for eight hundred dollars. They afterwards had the land sold under the first deed of trust by Cowan, the trustee. H. B. Adams bid it in for fourteen hundred and fifty dollars, and took the deed to himself. No money was paid to the trustee. The court found this transaction was pursuant to an agreement

between Simily and Adams that the land should stand as security for the note they owed and that Adams was to execute a deed of trust on it to secure said note. He didn't pay the note in full, and Simily was compelled to discharge a balance of $428 after his death. Adams paid $400 on it in his lifetime, of which Simily was out $95; to make the payment, Adams borrowed $190 from a bank in Rolla on Simily's indorsement and the latter subsequently paid half of that loan. The court found the first deed of trust was purchased for the joint benefit of Adams and Simily, that the latter is dead and his estate insolvent. In fact, the probate court had dispensed with an administration of the estate because the personal property did not exceed the widow's allowance. The defendants are the widow and children of Adams. An equitable lien was adjudged against the land in plaintiff's favor for $526.70, subject to a deed of trust given by Adams, after he got it, to other parties, strangers to this suit.

*Thomas M. & Cyrus H. Jones* for appellants.

The finding and judgment of the court in this case is against the law and the evidence. This whole case was tried on the theory of plaintiff, that plaintiff Simily signed a note for Adams for $800 as a part of the purchase price of a $1,000 note held by one Andrew Broedlow against his brother, Ernest, secured by a deed of trust on the land described and that Adams at the time the note was signed by Simily, or shortly thereafter, verbally agreed to give a deed of trust on the land to secure Simily, but never performed the agreement. No fraud is alleged or proven against Adams. The case must stand or fall on this theory, and defendants contend that their demurrer to plaintiff's testimony should have been sustained by the court. Wooldridge v. Scott, 69 Mo. 669; Demeter v.

Wilcox, 115 Mo. 643.   The court, therefore, committed error in overruling defendant's demurrer to plaintiff's evidence.

*Harrison & Bland* for respondent.

Appellant's authorities and arguments, throughout his entire brief, make no distinction between a voluntary payment of the debt either as co-maker or as a surety.   To concede that Simily was a surety upon said $800 note, or that he became a surety by reason of the understanding and agreement between H. B. Adams assuming the payment of said indebtedness.   We contend that the right of subrogation or equitable assignment may arise in two ways:   first, where the party claiming it has paid the debt of another for his own security; and, secondly, where such payment was in pursuance of a contract expressed or implied with the debtor or creditor. Fowler v. Fowler, 78 Mo. App. 330; Carey v. West, 139 Mo. 146; Storts v. George, 150 Mo. 1; Rubey v. Watson, 22 Mo. App. 428; Clark v. Bank, 57 Mo. App. 277.

GOODE, J.—Plaintiff's case, to have a lien declared, is strong.   The effect of the agreement in reference to the foreclosure sale was that Adams was to get the land and protect Simily on the note they owed to Andrew Broedlow, and also the one they were sureties on for Earnest Broedlow.   Adams paid the latter in full, the other only partially.   His bid was $1,450, actually or approximately the amount of the two.   He was excused from paying any part of the bid in cash to the trustee on account of his agreeing to take care of those debts. Simily owned half of the deed of trust note and was entitled to half the proceeds of foreclosure to the amount of it.   The discharge of the notes for which they were both liable, was substituted in lieu of the cash, as the consideration which Adams

should give for the land. If Simily did not have a vendor's lien by virtue of the transaction, the trustee surely did, and might have enforced it at any time for Simily's half against Adams or his heirs, since he had been relieved from requiring a money payment by the consent of the holders of the debt for which he foreclosed. Barrett v. Lewis, 116 Ind. 120; Blankenship v. Williams, decided by this court but unreported as yet. Adams couldn't hold the land exempt from the lien until he paid or performed the consideration. That would be against conscience as was said in Pratt v. Clark, 57 Mo. 189. His omission to fully perform, compelled the respondent to take care of part of the debt that it was agreed the land should stand good for, and he should settle; which was equivalent to respondent's paying, under compulsion, a portion of the purchase price and entitled him to be subrogated to the trustee's lien therefor. Demeter v. Wilcox, 115 Mo. 635; Williams v. Crow, 84 Mo. 298; Bennett v. Shipley, 82 Mo. 448; Edmondson v. Phillips, 73 Mo. 57; Pratt v. Clark, supra; Haverly v. Becker, 4 N. Y. 169. This case can not be excluded, by any just logic, from the force of the principles declared in those cited; in fact it is similar to them in all the circumstances calling for the application and enforcement of an equitable lien, particularly Williams v. Crow, supra, where the vendor had sold the land on an agreement that the vendee should protect him against liability for a lease by which it was incumbered. The vendor was afterwards mulcted in damages on account of said lease, and it was held the vendee ought to reimburse him. The opinion says: "The lease in question was an incumbrance on the land of which Crow was fully informed, and being such, the agreement of Crow to save Bailey harmless and pay all damages growing out of it may be held to be as much a part of the purchase price as if the land had been incumbered

Vol 88 app—40

by a mortgage to secure a debt which Crow assumed to pay." The latter is the present case. There, the agreement was in writing, but Pratt v. Clark, supra, holds that in contracts like the present, persons becoming entitled to a lien are not cut off by the statute of frauds, and also that the taking of covenants from the vendee for the payment of the purchase money, does not amount to a waiver of the lien. Indeed, liens of this character are never held to be within the statute of frauds, and even though Adams's undertaking to give a deed of trust on the land may have been, this would not affect the right to proceed against it for the purchase money, when he failed to pay or perform the consideration, because that right does not rest on contract, but arises by legal implication. The statute of frauds bears on agreements.

The homestead estate of Adams's widow and children is subordinate to the charge against the land for the money which he was to pay for it. Bennett v. Shipley, supra.

When the purchase money, or a portion of it, is payable to a third person, such person is held to have a lien. Francis v. Wells, 2 Colo. 660. When the purchaser of land assumes as part or all of the price, a debt which his vendor owes to a third person, this debt continues to be a charge on the land and may be enforced by the promisee for his own benefit. Woodall v. Kelly, 85 Ala. 368; 7 Am. St. Rep. 57; Whetsell v. Roberts, 31 Ohio St. 503; Mitchel v. Butt, 45 Ga. 162; DeLisle v. Moss, 34 La. Ann. 164; Tysen v. Perkins, 59 Texas 300. It was held in Edmondson v. Phillips, supra, where the sheriff had sold the land under a partition decree, that the heirs might enforce the lien for the purchase money. In Pratt v. Clark the vendors had agreed with the vendee to relieve the property of an incumbrance, which they failed to do, and the plaintiff was given a charge in the nature of a vendor's lien against the property he had conveyed to the defendants in exchange for the

amount of the debt. It was ruled, also, that in such instances equity regards the substance rather than the form of the transaction. This is consonant to accepted principles. In the case at bar, Adams's estate is insolvent, as was the defendant's in the one just cited. Plaintiff has no remedy except by the lien he seeks. The judgment was for the right party and is affirmed. All concur.