AMANDA E. CHRISTY, Appellant, *v.* FRANCIS G. FLANAGAN, Respondent.

November 6, 1883.

JUDGMENT LIEN — APPEAL — SUPERSEDEAS. — The taking of an appeal which operates as a *supersedeas* does not extend the lien of the judgment beyond the statutory period of three years.

Appeal from the St. Louis Circuit Court, Lubke, J. *Affirmed*.

W. B. Thompson and James Taussig, for the appellant.

G. Pollard, B. F. Webster and R. J. Delano, for the respondent.

Bakewell, J., delivered the opinion of the court.

This was ejectment. The answer was, not guilty. The cause was tried upon an agreed statement of facts which raised a single question of law. This was certified to the general term of the circuit court, which certified to the court in special term that the plaintiff is not entitled to judgment, and judgment for defendant was entered accordingly.

It appears that, on the 22d of November, 1875, The State to use of Amanda E. Christy, obtained judgment against Thomas Ryan in the St. Louis circuit court, the damages being assessed at $11,626. From this judgment, Ryan appealed to this court, and thence, to the supreme court, and gave bonds which operated as a *supersedeas* till the 2d of July, 1879. At the date of judgment in the circuit court Ryan was seized in fee of the premises described in the petition, which lie in the city of St. Louis. On the 19th of May, 1876, Ryan, for value, conveyed the premises to one Gibbons. And defendant holds title for value under Gibbons, and was in possession at the date of the suit. On the 19th of July, 1879, a *fieri facias* issued under the judgment against Ryan, which was levied on the 12th of September, 1879, on these premises. They were sold on the 7th of October, 1879, under this levy, and the sheriff's deed was executed and delivered to plaintiff on the 8th of December, 1877.

The question is this: Did the appeal extend the lien of the judgment beyond the three years limited by the statute?

The statute provides (Rev. Stats., sect. 2731), that: "The lien of a judgment or decree shall * * * commence on the day of the rendition of the judgment, and shall con-

tinue for three years, subject to be revived as hereinafter provided."

Under the act of congress of the 4th of July, 1840, the liens of judgment rendered in the circuit and district courts of the United States, within each state, continue for the same period as the liens of judgments of the state courts.

The question came up squarely for decision in this court in *Chouteau* v. *Nuckolls* (20 Mo. 442). The United States had purchased under an execution of the 25th of August, 1847, issued upon a judgment of the United States circuit court of the 29th of April, 1843. Plaintiff had acquired from the United States; and defendant had, through mesne conveyances, acquired under Robertson, who purchased under execution dated September 10, 1844, issued on a judgment of the Warren circuit court rendered on the 22d of April, 1844. It was decided, that the lien of the judgment of the United States against Gratiot, the original owner of the land, was not extended by the appeal. Judge Scott says, in delivering the opinion of the court: "The lien of this judgment expired then in April, 1846, as, by our law, three years is the duration of the lien of a judgment. The pendency of a writ of error in the supreme court of the United States, on the judgment against Gratiot, did not affect the duration of the lien. The affirmance of that judgment would not prolong its existence, nor would the pendency of the writ continue the lien until the time of affirmance. This we consider plain from the words of the act creating the lien."

The judgment against Gratiot was taken up for review by writ of error, and the judgment we are considering went up by appeal. But this is immaterial. Neither appeal nor writ of error work a *supersedeas* without a bond. Where there is a proper bond, there may be a *supersedeas* in either case.

It is suggested by counsel for appellant that it appears in *Chouteau* v. *Nuckolls* that there was no *supersedeas*, inas-

much as execution issued. We do not suppose that it would be contended that a mere appeal which operates no *supersedeas* ought to extend the lien. But a careful consideration of the statement and opinion in *Chouteau* v. *Nuckolls* shows that the execution against the Gratiot land issued on the 25th of August, 1847, three years and four months after the judgment, and that the execution issued on the 6th of August, 1846, in conformity with a special mandate of the supreme court of the United States. This does not tend to show that there was no *supersedeas* pending the appeal, but rather, that execution did not issue until judgment was rendered in the appellate court.

As to the alleged hardship of this interpretation of the statute, that is a matter which is not for us to consider. The statute provides for a revival of the lien, and that, if the *scire facias* be issued before the lien has expired, the judgment of revival shall prevail over any lien which may have accrued after the time limited for the existence of the original judgment lien. Counsel for appellant contends that the *scire facias* would be ineffectual so long as appeal was pending which could operate as a stay of execution. We need not express any opinion as to this. It is enough that the decision in *Chouteau* v. *Nuckolls* turns upon the words of the statute, and is an interpretation of that language which we are not at liberty to disregard. We are aware of nothing in this state in conflict with that decision.

*Banks* v. *Wells* (12 Mo. 361), is to the effect that, if execution be issued while the judgment is a lien, the effect is to continue the lien until the writ is executed. But this was in accordance with a statutory provision in force at the time, and referred to in the opinion. Rev. Stats. 1845, Executions, sect. 16; Rev. Stats. 1835, Executions, sect. 18. *Meyer* v. *Campbell* (12 Mo. 603), to which we are also cited, decide that, where the judgment of the circuit court is reversed, and a new judgment entered in the appellate court, the execution only enforces the lien of the latter judgment.

But this does not conflict with *Chouteau* v. *Nuckolls*. We are referred to cases in Pennsylvania and in California ( *Pennock* v. *Hart*, 8 S. & R. 376 ; *England* v. *Lewis*, 25 Cal. 337), in which it is held, under the statutes of these states, that, on appeal with a bond sufficient to stay proceedings, the lien of the judgment remains pending the appeal. In these cases the judges delivering the opinion of the court seem to concede that they construe away the statutory provision in order to relieve against a supposed hardship, which the legislature, they think, had not foreseen. "If statutes," says Chief Justice Gibson in the case cited above from Pennsylvania, " were in all cases construed according to the letter, scenes of injustice which those who enact them would deplore, would abound in our courts. It is impossible for our legislature to foresee the infinite variety of cases that will fall within the letter of the law they are about to enact, and yet be without the scope of its aim. When one of these occur, what are judges to do? It seems to me they ought to do what their consciences irresistibly persuade them the legislature would have done if its occurrence had been foreseen. No judge ever arrived at a wholesome conclusion by following the letter, either of the written or the unwritten law." This great judge, however, would not have departed, I believe, from a construction of a statute that was fixed by authority. The matter is not a *res integra* in Missouri, and we are not left to deliberate whether or not we will now follow the plain letter of the statute. The statute as construed by the supreme court settles the question in controversy, against the appellant, that an appeal, though it be taken under such circumstances as work a *supersedeas*, does not extend the lien of the judgment upon the real estate of defendant beyond the three years limited by the statute.

The judgment is affirmed. All the judges concur.