94 241
48a 17
94 241
125 546
94 241
145 407

94 241
83a 317

CHRISTY *et al.*, *Appellants*, v. McKEE *et al.*

1. **Vendor's Lien**: SALE OF LAND: WAIVER OF LIEN. A vendor's lien for the purchase price of land will be deemed to be waived by the taking of any other security for the purchase money, though only the personal security of a responsible party, and the vendor may waive it by express agreement with the vendee.

2. **Judgment**: LIEN ON EQUITY OF REDEMPTION, EXTINGUISHMENT OF. Where, after the execution of a deed of trust, a judgment was obtained against the grantor therein, which, under the statute, attached as a lien upon his equity of redemption, and he subsequently conveyed his interest to the trustee for the benefit of the *cestui que trust*, in part consideration of the assumption by the latter of certain debts of the grantor's, among which was the satisfaction of such judgment, it being agreed, at the time of the latter conveyance, that the grantor conveyed free from any equity of redemption or trust, express or implied, on his part, such grantor, by the last-named conveyance, parted with any enforceable interest he had in the property, and the judgment lien thereby expired, and the only remedy of the judgment debtor was on the vendee's promise to pay the judgment.

3. ———: ———: SALE UNDER JUDGMENT: PURCHASER. A purchaser of the property at the sale under the judgment, after such extinguishment of the judgment lien, acquires no title.

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

*W. B. Thompson* and *James* and *Charles S. Taussig* for appellants.

(1) By the terms of Ryan's deed to Gibbons, the vendor, Ryan, had and has a grantor's lien on the real estate conveyed by him to Gibbons (for the Butchers' and Drovers' Bank) for the unpaid or unsatisfied consideration named in the conveyance, to-wit, the covenant

to discharge the judgment in favor of Christy. (*a*) There was not merely a covenant to pay these debts, but their payment was part of the consideration for the deed. (*b*) In Missouri the grantor's lien for unpaid consideration has been recognized in a series of cases, from *McKnight v. Bright*, 2 Mo. 110, to *Adair v. Adair*, 78 Mo. 630, and *Bronson v. Wanzer*, 86 Mo. 414. (*c*) Where the consideration or any part of it consists of a collateral undertaking of the vendee to assume and discharge a debt contracted by the vendor, or for which the vendor is liable, he has a lien on the land sold for the discharge of the debt so assumed by the vendee. Such is the settled rule in this state, whatever may be the conflict of decisions elsewhere. *Pratt v. Clark*, 57 Mo. 191; *Pratt v. Eaton*, 65 Mo. 157; *Bennett v. Shipley*, 82 Mo. 448; *Barnum v. Bobb*, 68 Mo. 623; *Young v. Harris*, 36 Ark. 162; *Bank v. Knapp*, 61 Miss. 485; *Carver v. Eads*, 65 Ala. 190; *De L'Isle v. Succession of Moss*, 34 La. Ann. 164; *Nichols v. Glover*, 41 Ind. 24; *Francis v. Wells*, 2 Col. 660; *Glaze v. Watson*, 55 Tex. 563; *Hamilton v. Gilbert*, 2 Heisk. (Tenn.) 680; *Galt v. Trumbo*, 17 B. Mon. 682. (*d*) The petition does not allege any facts from which it can be inferred that the grantor's lien was waived. (2) The plaintiff, Amanda E. Christy, being the creditor whose judgment the purchaser proposed to pay, has the same right to enforce the grantor's lien as the grantor, Ryan, has. *Meyers v. Lowell*, 44 Mo. 328; *Rogers v. Gosnell*, 58 Mo. 589; *Fitzgerald v. Barker*, 70 Mo. 685; Parson's on Cont. 468; *Pratt v. Bates*, 40 Mich. 37. And the grantor's lien for his debt assumed by the grantee can be enforced by the creditor of the grantor. Authorities under (*c*) of first head. (3) Independent of the grantor's lien, the agreement of the bank and Ryan's deed to Gibbons, being read together, created and constituted an equitable mortgage in favor of Ryan and of the plaintiff on the lands conveyed to Gibbons, for the amount of the judg-

ment against Ryan. 1 Hill on Trustees ( 4 Ed. ) 648 ; *Racouillot v. Sauserin,* 32 Cal. 375 ; *McQuie v. Peay,* 58 Mo. 59 ; *Blackburn v. Tweedle,* 60 Mo. 507. (4) The defendant, McKee, stands in the shoes of Gibbons and of the bank. She is not an innocent purchaser. She acquired no title by the sales under the two deeds of trust. No conveyance was ever made to her directly by Gibbons or by the bank. If the grantor's lien could have been enforced by the plaintiff against Gibbons or the bank, it can be enforced against her. *Bailes v. St. Joseph Co.,* 73 Mo. 371. (5) Smith stands in the shoes of Gibbons and of the bank. His title is subject to the same equities. (6) The plaintiff, by the sheriff's deed set forth in the petition, acquired a title to the real estate superior to that acquired by Gibbons. This superior title is clouded by the title claimed by the defendant, McKee, under the void trustee's deeds. The plaintiff has the right in equity to have this cloud removed.

*H. A. & A. C. Clover* for respondents.

(1) The petition has no equity, for the reason that it is manifest, from an examination of the instruments set forth in the petition—the deed and the agreement—under which the lien is now claimed, that a vendor's lien never existed and does not now exist. " That it was intentionally displaced and waived by the consent of the parties." *Gilman v. Brown,* 1 Mason, 212 ; 2 Sugden V. & P. 675, bottom ; *Ex parte Western Life Ins. Ass'n,* L. R. 11 Eq. 164 ; 2 Story's Eq. Jur., sec. 1226, note 2 ; 4 Kent's Com. 153 ; *Fish v. Howland,* 1 Paige Ch. 20. (2) Under the circumstances of the case, as set forth in the petition, the plaintiff's intestate was not entitled to the benefit of the vendor's lien, for the reason that Ryan having conveyed the property to Gibbons, and taken, in addition to his assumption the covenant of the Butchers'

and Drovers' Bank, an independent and distinct security for the payment of the judgment, there is, for this reason, an undoubted reliance upon this security and so a waiver of any vendor's lien. Story's Eq. Jur., sec. 1226, note 1; *Bond v. Kent*, 2 Vern. 281; *Vail v. Foster*, 4 Conn. 312; *Johnson v. Sugg*, 13 Sm. & M. 346; 4 Kent's Com., sec. 58, pp. 151, 153; 4 Wheat. 255; 14 Ohio, 428; 25 Ill. 309; 4 Minn. 65; 17 Cal. 70; 24 Tex. 238. (3) The vendor's lien exists for unpaid purchase money and not for the satisfaction of a collateral obligation. And on this ground a want of equity is apparent on the face of the petition. *Boyer v. Austin*, 72 Mo. 81; *Sullivan v. Ferguson*, 40 Mo. 79; *Durette v. Briggs*, 47 Mo. 362; *Adams v. Buchanan*, 49 Mo. 64; *Anderson v. Griffith*, 66 Mo. 44; *Carr v. Thompson*, 67 Mo. 472; *Sharp's Adm'r v. Collins*, 74 Mo. 266. (4) The plaintiff acquired no title to the property by her purchase at sheriff's sale, the lien of her judgment having expired, when she so bought, and Ryan having sold the property, there was nothing for her to acquire thereby, nor could she at such sale become purchaser of a right in Ryan to file a bill in equity to enforce a vendor's lien. *Chouteau v. Nuckolls*, 20 Mo. 442, and cases cited *infra*. (5) The defendant, Mrs. McKee, has at least an equal equity with plaintiff, being an innocent purchaser for a valuable consideration, without notice of plaintiffs' alleged claim, and this matter appearing clearly on the face of the petition a demurrer will hold. Story's Eq. Pl. (9 Ed.) sec. 603, and cases cited, note 1; *Johnson v. Hubbell*, 40 N. J. Eq. 332; *Carroll v. Johnson*, 2 Jones' Eq. (N. C.) 120; *Van Meeter v. McFadden*, 8 B. Mon. 435; *Bowne v. Chiles*, Cranch C. C.; 10 Peters, 177; *Wailes v. Cooper*, 24 Miss. 208; 7 Cranch, 2; *Pratt v. Clemens*, 4 W. Va. 443.

NORTON, C. J.—This cause is before us on plaintiffs' appeal from a judgment of the circuit court, in

sustaining a demurrer to the petition.    The petition is of great length, and on that account its insertion here will be omitted, inasmuch as the points made will sufficiently appear by the following summary of the facts stated therein, as presented by counsel for plaintiffs: Prior to November, 1875, one Thomas Ryan, being the owner of certain real estate, situate in part on Olive street and Washington avenue, in the city of St. Louis, executed two separate deeds of trust, one to the trustees of the Butchers' and Drovers' Bank, conveying the property on Olive street, and one to the trustee of Stewart Van Vliet, conveying the property on Washington avenue, to secure the payment of certain loans of money made by them, respectively, to him.    On the twenty-second day of November, 1875, while Ryan was the owner of the equity of redemption in those two lots of land, the plaintiff, Mrs. Christy, recovered a judgment against him for $11,628.83, which then, by the force of the statute, attached as a lien upon Ryan's said equity of redemption.    On May 19, 1876, Ryan conveyed, among other parcels, his interest, being his equity of redemption, in the two lots above mentioned, according to the legal effect of the facts pleaded, to the Butchers' and Drovers' Bank.    As a part of the consideration for such conveyance, the bank agreed to extinguish the debts so secured by said deeds of trust, and also to pay the Christy judgment, above referred to, against Ryan.    Soon after this conveyance, the bank paid the Van Vliet notes and took into possession the notes and deed of trust securing the same.

In 1877, after the maturity of these notes, as well as those held by itself, secured on the Olive street lots, the bank transferred and delivered the same to Wm. McKee, in settlement of a demand held by McKee against it.    The notes and the deed of trust securing their payment were bequeathed by Wm. McKee, now deceased, to the defendant, Eliza McKee, who after-

wards caused the lots on Olive street and Washington avenue, under the power contained in the deeds of trust, to be sold to satisfy the notes, and she herself became the purchaser and went into possession thereof. The case of *Christy v. Ryan*, in which, on November 22, 1875, she recovered the judgment of $11,628.83, was appealed to the court of appeals, and came to this (Supreme) Court, where the judgment of the circuit court was, in July, 1879, affirmed. On July 19, 1879, Mrs. Christy caused execution to issue from the circuit court on the judgment so affirmed against Ryan, and caused the same to be levied on the Olive street and Washington avenue lots, above mentioned, as the property of Ryan. The same were sold under this execution by the sheriff and purchased by Mrs. Christy, and a sheriff's deed was duly executed, conveying to her all the right, title, and interest of Thomas Ryan in said lots. Mrs. Christy now brings this suit against Mrs. McKee to set aside her trustee's deeds as clouds on plaintiff's title, and if not that, at least, to subject these lots to the payment of her judgment against Ryan. There is a demurrer to this petition on the ground that it does not state a cause of action.

In addition to the facts above stated, it is averred in the petition, that, on the nineteenth day of May, 1876, the Butchers' and Drovers' Bank entered into an agreement in writing with Thomas Ryan, so much of which as is necessary to a proper determination of the questions involved in the case is as follows: "Inasmuch as Thomas Ryan, wholesale grocer, by the stringency of the times and the general embarrassment of the country, has become unable, immediately, and as they mature, to meet his current obligations, and The Butchers' and Drovers' Bank, for his relief, and to reëstablish him firmly in business, has advanced the sum of twenty-one thousand dollars for the purchase

of certain claims against him, owned by various cred-
itors, and to himself the sum of seven thousand dol-
lars, purchasing from him for its benefit, but in the
name of John F. Gibbons, by conveyances of even
date hereof, duly executed by said Thomas Ryan and
Annie E. Ryan, his wife, of all the realty of said
Thomas Ryan, lying and being in the states of Missouri,
Iowa, Illinois, and New York. And which sum so paid
of twenty-eight thousand dollars is in addition to the
hypothecations and liens upon the property so con-
veyed, and which are to be extinguished by said bank,
and also in addition to and exclusion of certain other
claims, dues, debts, and demands of said bank, held or
owned, and whereon and whereof the said Thomas
Ryan is endorser, acceptor, drawer, or surety. Now,
therefore, this agreement made and entered into by and
between the said Thomas Ryan and Annie E. Ryan, his
wife, of the city of St. Louis and county of St. Louis, in
the state of Missouri, as parties of the first part, and
The Butchers' and Drovers' Bank, of said city of St.
Louis, a corporation duly chartered and organized
under and in pursuance of the laws of the said state of
Missouri, as party of the second part. Witnesseth:
That for and in consideration of the recitals hereinbe-
fore contained, and for the further consideration of the
sum of one dollar by each party to the other paid, and
by both respectively acknowledged, the said parties
have mutually agreed and covenanted as follows:

"*First.* That said parties of the first part recog-
nize and declare that the conveyances so by them of the
realty hereinbefore mentioned, made nominally to said
John F. Gibbons, but in reality for the said bank, are as
absolute and unconditional as against said parties of the
first part, as in said conveyance expressed, subject to
no equity of redemption on the part of said parties,
grantors, them, or either of them, and subject to no

trust, either express or implied, on the part, or in favor of said grantors, or of them, or either of them.

*   *   *       *   *   *       *   *   *

"*Fifth.* On consideration hereof, said party of the second part, assuming the payment of the taxes and hypothecations, judgments and liens, as in said convey-ance expressed, against which said Thomas Ryan does not warrant, covenants to and with said Thomas Ryan, at its own cost and expense, to extinguish the same, and for the sum or sums so to be by it, said bank, paid, to have no reclamation against Thomas Ryan. In witness whereof the said," etc.

It is also averred in the petition that, contempora-neously with this agreement, said Ryan and wife con-veyed to said John F. Gibbons the real estate mentioned in said agreement and including that in controversy in this suit. So much of said deed as bears on the ques-tions arising in the case, is as follows: "This deed, made and entered into this, the nineteenth day of May, in the year of our Lord, eighteen hundred and seventy-six, by and between Thomas Ryan and Annie E. Ryan, his wife, of the city and county of St. Louis, state of Missouri, as parties of the first part, and John F. Gibbons, of the city of St. Louis, as party of the second part, witnesseth: That the said parties of the first part, for and in consideration of the sum of twenty thousand dollars to them cash in hand paid by the said party of the second part, and the receipt whereof is hereby acknowledged, have granted, bargained, and sold, as they do by these their presents grant, bargain, sell, transfer, and convey, unto the said party of the second part, the following pieces or parcels of land, together with the buildings and improvements thereon, lying and being situate in the said city and county of St. Louis, and more particularly known and described as"—the description of the property conveyed we omit.

The *habendum* clause is as follows: "To have and

to hold the same, together with all rights, privileges, easements, appurtenances, and hereditaments to the same belonging, unto the said party of the second part, his heirs and assigns forever, and the said Thomas Ryan, for himself, his heirs, executors, and administrators, covenants to and with the said Gibbons, that he and they shall and will, with the exceptions hereinafter made and mentioned, warrant and defend the title to the premises conveyed unto him, the said John F. Gibbons, his heirs, executors, administrators, and assigns, against the lawful claims and demands of all and every person or persons whomsoever lawfully claiming the same, which exceptions are three in number, and are: *First.* Judgments against said Thomas Ryan in the courts of St. Louis county, and in favor, respectively, of the legal representatives of James Christy and of Samuel McCartney. *Second.* Certain mortgages and deeds of trust by said Ryan and wife, executed, and already duly recorded, subsisting liens upon some or all the property hereby conveyed, and of which said Gibbons is fully advised by the examination of the title he has made. *Third.* Taxes assessed last year, but payable during this year. The amount of all of which liens, taxes, and hypothecations, have been computed between the parties hereto, as part of the consideration of this deed, and the said Gibbons has purchased the property hereby conveyed, for said sum of twenty-eight thousand dollars, in addition to, and exclusive of, the sum necessary for the extinguishment of the said liens, taxes, and hypothecations."

From the facts above stated, Mrs. Christy's right to enforce the payment of her judgment against Ryan by a sale of the land conveyed, is dependent, first, upon the question whether Ryan, under the terms of the deed, and contemporaneous agreement, had a vendor's lien which he could have enforced, and, second, if he had such right, was it acquired by Mrs. Christy, either

under the deed and agreement, or in virtue of her purchase at the execution sale made in 1879? An answer to either one of these questions in the negative is fatal to the maintenance of her suit, and both must be answered in the affirmative before she can have any standing in court in this case.

That a vendor of land has a lien thereon for unpaid purchase money, enforceable in equity both as against the vendee, and a purchaser from him with notice, even though no express lien is reserved, is well settled in this state. This lien is treated as a constructive or implied trust, and as raised by implication, and the principle on which the lien rests, in the nature of a trust, is, that it would be against conscience to permit a person who has obtained the land of another, to keep it, and not pay the full consideration money. *Pratt v. Clark*, 57 Mo. 191 ; 2 Story Eq., secs. 1217–20 ; *Bennett v. Shipley*, 82 Mo. 448.

While this rule is firmly fixed, by former adjudications of this court, it is equally well established that the vendor may waive such lien, and the implied trust is never waived, *against* the intention of the parties, when that intention plainly appears. Hence it is said, in the case of *Sullivan v. Ferguson*, 40 Mo. 79: "It seems to be settled, where the land is conveyed by deed and with a view to an absolute sale of the property by the vendee to other persons, and to enable him to make a full title to the purchasers, and the vendor takes any other security for the purchase money, though only the personal security of a responsible person, the vendor's lien is to be considered as waived by the agreement and consent of the party." If, under such circumstances, the lien of the vendor will be deemed, by necessary implication, to be waived, much more will it be so when the vendor has, by express agreement with the vendee, waived it.

It will be observed that the deed made by Ryan

clothed Gibbons, the grantee, with the legal title to all
the property conveyed, and it is only by virtue of the
agreement made between Ryan and the Butchers' and
Drovers' Bank that the legal title there conveyed
enured to the benefit of the bank. This agreement,
made contemporaneously with the execution of the
deed, and as a part of the transaction, discloses an
intention on the part of the vendor that no vendor's or
any other lien should be asserted by him. This inten-
tion is clearly manifested in the following quotation
from the agreement, viz.: "That said parties of the first
part recognize and declare that the conveyance by them
of the realty hereinbefore mentioned, made nominally
to said John F. Gibbons, but in reality for the said
bank, are absolute and unconditional as against said
parties of the first part, as in said conveyance expressed,
subject to no equity of redemption on the part of said
parties, grantors, them or either of them, and *subject to
no trust, either express or implied, on the part or in
favor of said grantors, or of them or either of them.*"

If, as before stated, a vendor's lien rests upon an
implied trust, Ryan expressly waived it, when he
agreed that the land conveyed "should be subject to
no trust, either express or implied," in his favor.
From the nature of the business in which the corpora-
tion bank was engaged, and the large amount of real
estate conveyed, the presumption may well be indulged
that it was bought with the intention of being sold
by the bank, and that the above stipulation was inserted
in the agreement in order that it might be sold, without
being hampered by any claim of the vendor, either legal
or equitable. Under this view of the case a negative
answer must be returned to the first question herein
stated, and renders a consideration of the second ques-
tion unnecessary. If it was *not intended* that Ryan
should assert a vendor's lien for the payment of Mrs.
Christy's judgment against him, which the bank cov-

·enanted to pay, Mrs. Christy, the beneficiary of the promise, cannot assert such lien, her right as such beneficiary being confined to an action against the bank for the breach of the contract. *Heim v. Vogel*, 69 Mo. 529.

Inasmuch as under the averments of the petition the lien of Mrs. Christy's judgment against Ryan, rendered in 1875, had expired when the execution was issued upon it in 1879, she could only acquire at the sale made under the execution such interest as Ryan then had in the property, and Ryan having parted with all his interest by, the deed made to Gibbons, in 1876, she acquired nothing by virtue of her purchase at said sale. *Chouteau v. Nuckolls*, 20 Mo. 442 ; *Christy v. Flannagan*, 14 Mo. App. 253.

The judgment of the circuit court is hereby affirmed. All concur, except Judge Sherwood, absent.