L. D. ROUTTE, Appellant, v. J. N. MURRAY AND·
LUCINDA J. MURRAY, Respondents.

**St. Louis Court of Appeals, February 2, 1892.**

**Vendor's Lien: WAIVER.** A finding that a vendor of land has waived his implied lien for unpaid purchase· money is warranted by evidence that he took other security for the payment of such purchase money.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

REVERSED AND REMANDED (*with directions.*

*Wear & Wright,* for appellant.

*White & McCammon,* for respondents.

ROMBAUER, P. J.—The plaintiff's petition states that the defendants executed two promissory notes ·in part payment of the purchase money of certain real estate sold to them by A. B. Price, one for $150, dated March 6, and payable August 13, 1889, to the order of A. B. Price; the other for $48.80, payable August 16, 1889, to A. B. Price or bearer ; that these notes were thereafter assigned to the plaintiff ;· and that the notes remained unpaid, wherefore plaintiff prays for judgment for their amount with interest, with a special execution against the property so sold.

The defendants answer by way of a general denial, and set up as special affirmative defenses : *First.* That the notes have been fully paid by the transfer of certain personal property by the defendants to the plaintiff's assignor, while she was the holder of the notes. *Second.* That the plaintiff's assignor, after the execution of the

notes and prior to their assignment to the plaintiff, received from the defendants certain personal property as collateral security for the payment of these notes, and thereby waived her vendor's lien. The affirmative defenses of the answer are denied by reply. Upon the issues thus framed, the cause was tried by the court, the trial resulting in a judgment for the defendants.

The errors complained of are that the court admitted illegal evidence against the plaintiff, and that the judgment is against the evidence, and that in any view of the evidence it was erroneous to render a judgment in favor of J. N. Murray, as the plaintiff was clearly entitled to a judgment against him. It appeared upon the trial by the plaintiff's own testimony that he acquired title to these notes on December 16, 1889, and after maturity, and that his negotiations in purchasing the notes were had with B. B. Price, who acted throughout the matter as agent of his wife, A. B. Price. The defendants thereupon gave evidence tending to show that, soon after they acquired the property now sought to be charged with the vendor's lien, they turned over to B. B. Price, as agent for his wife, A. B. Price, a wagon-yard and blacksmith's shop, under a contract evidenced by the following memorandum :

"April 23, 1889.

"*Know all men by these presents :* That I, B. B. Price, have this day taken charge of the wagon-yard and blacksmith shop, with all tools, fixtures and appurtenances thereto belonging, for the purpose of running, selling or disposing of (same) as may seem best to me ; and I agree, after disposing of said yard, to pay to Lucinda J. Murray all money or property that may be in my hands after taking out two hundred (\$200) dollars with interest thereon, and all expense and money invested necessary to the running, selling or disposing of said yard and shop.

"Said yard and shop is situated at the northeast corner of St. Louis and Jefferson streets in the city of Springfield, Missouri.                    B. B. PRICE."

It was conceded by all the testimony that the $200, mentioned in this memorandum, referred to the amount covered by the two notes now sued upon, the principal of which, as above seen, aggregates $198.80. It was also conceded by all the evidence that, at the date of the execution of this memorandum, the claim for which a vendor's lien is now made was still owned by A. B. Price, although only part thereof had been put into the shape of a note. It was, also, conceded by all the evidence that B. B. Price had subsequently traded the wagon-yard and blacksmith shop for other property, but that he had not realized any money thereon. The plaintiff contended that the agreement, as expressed in the memorandum, was varied by a subsequent agreement between B. B. Price and J. N. Murray, acting for their respective wives. The defendants contended that the agreement had never been varied. As the testimony on the question of variance consisted of that of B. B. Price affirming it, and that of J. N. Murray denying it, and as the burden of proof was with the plaintiff, the court was warranted in finding that the agreement thus expressed had not been varied.

The defendants contended in the court below, and now contend, that the vendor's lien, which the plaintiff claims as assignee of the notes, has been waived by the taking of other independent security by his assignor. They claim that this has been done by the vendor by taking the note of J. N. Murray, who was not the grantee of the land, and also by taking the wagon-yard and blacksmith shop under an agreement which was in legal effect a pledge of that property to the amount of $200, the amount for which a vendor's lien on the land is now claimed. They assert that the trial court was warranted in finding such waiver from the evidence. In this they are sustained by the following authorities in this state : *Delassus v. Poston,* 19 Mo. 425 ; *Sullivan v. Ferguson,* 40 Mo. 79 ; *Durette v. Briggs,* 47 Mo. 356 ; *Christy v. McKee,* 94 Mo. 241.

The defendants also claimed in the court below, and now claim, that the agreement of April 23, 1889, and the acts of the parties thereunder amounted to payment of the notes sued upon.' In this they are not sustained by the evidence. That agreement purports to be a transfer of the property as collateral security, and there is no evidence that the plaintiff's assignor, or anyone, had realized any money from the property so transferred. It is true that this evidence shows that the property had been exchanged for other property, but that at most shows that the defendants are entitled to their share of that property, if exceeding $200 and interest in value, and not that the notes have been paid. The memorandum was admissible in evidence, as the plaintiff acquired the notes after their maturity. The plaintiff, however, as assignee of the notes was clearly entitled to a personal judgment against J. N. Murray for the amount of the notes and interest under any view of the evidence, and the judgment will be reversed, and the cause remanded with directions to enter a judgment against J. N. Murray for that amount. No personal judgment can be rendered against the other defendant, who at the date of the execution of the note was a married woman, and the cause should be dismissed as to her. So ordered. All the judges concur.