GREENE COUNTY BANK, Appellant, v. E. EPPERSON,
Defendant; MILTON McCOY, Garnishee,
Respondent.

St. Louis Court of Appeals, March 1, 1898.

Garnishment: PRACTICE. The conveyance of land can not be chal
lenged in a garnishment proceeding. That could only be done by a
suit in equity to set aside the conveyance or subject the land in the
hands of McCoy to the payment of plaintiff's debt.

*Appeal from the Greene Circuit Court.*—HON.
JAMES T. NEVILLE, Judge.

AFFIRMED.

No briefs filed.

BIGGS, J.—In 1898 Elizabeth Epperson executed
and delivered to Ben U. Massey, her note for $136.75.
Massey assigned the note to plaintiff. In 1897 the
plaintiff recovered a judgment on the note. Milton
McCoy was summoned as a garnishee under an execu-
tion issued on this judgment. He answered that he
did not owe Mrs. Epperson anything. The plaintiff
denied the answer, and charged that after the execu-
tion of the note Elizabeth Epperson conveyed to the
garnishee real estate in the city of Springfield of the
value of $2,000, and that she also paid to him $2,000
in money, and that this was done for the fraudulent
purpose of putting the property beyond the reach of
the creditors of Mrs. Epperson. The reply of the gar-
nishee put in issue the matters alleged in the denial.
The issues thus made were submitted to the court with-
out the intervention of a jury. The finding was for
the garnishee and the plaintiff has appealed.

There is no substantial conflict in the evidence.

The following are the facts: In 1892 Mrs. Epperson conveyed to McCoy an undivided one half interest in certain real estate in the city of Springfield. At the same time she held a note against one Kelso for $1,000. She transferred this note to McCoy. This was all the property she owned. The conveyance of the real estate and the transfer of the note were made in consideration of an agreement on the part of McCoy to take care of and support Mrs. Epperson during the remainder of her life. At the time of the trial Kelso had not paid the note. It is clear that the judgment of the circuit court must be affirmed. The contention of plaintiff is that the conveyance of the real estate and the assignment of the note were, in the circumstances of the case, fraudulent and void as to the existing creditors of Mrs. Epperson. The conveyance of the land can not be challenged in a garnishment proceeding.

CONVEYANCE of land in garnishment proceeding. That could only be done by a suit in equity to set aside the conveyance or subject the land in the hands of McCoy to the payment of plaintiff's debt. As no part of the note had been paid to McCoy he could not be held as the debtor of Mrs. Epperson. If the purpose was to test the legality of the transfer of the note, Kelso should have been summoned as garnishee. In a proceeding against him, McCoy could have been brought into court, and if upon a trial of the issue the assignment had been found to be fraudulent as claimed, the court would have compelled McCoy to deliver the note into court. This mode of procedure is clearly provided for by section 5243, Revised Statutes 1889, which reads as follows:

"If it shall be made to appear that any garnishee had before his garnishment executed to any defendant a negotiable promissory note, which, at the time

of the garnishment, was unpaid, the court, or the judge thereof, may order the defendant to deliver the same into court; and if the defendant, in showing cause for the nondelivery thereof, allege an indorsement or delivery thereof to some other person before the order of the court came to his knowledge, the fact of such transfer and the consideration and good faith thereof may be inquired into and determined by the court; and in order thereto, the alleged indorsee or transferee and the defendant may be examined, on oath, in open court, and if it appear that such indorsee or transferee holds the same by a fraudulent indorsement or delivery, the court may order him to deliver such note into court. Any order of delivery made in pursuance thereof may be enforced by attachment of the body of the party to whom it is directed. When any note shall be delivered into court, in pursuance of this section, the court shall take proper measures to cause any indorsers thereon to be notified at its maturity of its nonpayment."

With the concurrence of the other judges the judgment of the circuit court will be affirmed.