Massey v. McCoy.

---

BENJAMIN U. MASSEY, Respondent, v. MILTON McCOY,
Appellant.

St. Louis Court of Appeals, February 21, 1899.

Deed of Gift and Conveyance to use of Grantor: HELD FRAUDU-
LENT.   In the case at bar the conveyance and transfer of all her
property by Mrs. Epperson to the defendant in consideration of her
future support is held to be invalid, as against the claims of a pre-
existing creditor.

*Appeal from the Greene Circuit Court.*—HON. R. L.
GOODE, Special Judge.

AFFIRMED.

MASSEY & TATLOW for respondent.

Upon this statement it must be held that the conveyance and transfer of all her property by Mrs. Epperson to the defendant for the consideration that defendant should care for, support and maintain her for the remainder of her life, was a "deed of gift and conveyance" to the use of the grantor, Mrs. Epperson, and is void as against creditors, existing and subsequent, and purchasers. R. S. 1889, sec. 5169; Robinson v. Robarts, 15 Mo. 459; Snyder v. Free, 114 Mo. 360; Bank v. Guthrie, 127 Mo. 189-193; Bump on Fraud. Conv. [4 Ed.], sec. 199. Where a conveyance and transfer of land and chattels is made to the use of person making same, the administrator of such person can not recover the property so conveyed. Only the creditor of such person is entitled to sue. Brown v. Finley, 18 Mo. 375; McLaughlin v. McLaughlin, 16 Mo. 242; George v. Williamson, 26 Mo. 190; Merry v. Freeman, 44 Mo. 518; Hall v. Ballahan, 66 Mo. 316; Zoll v. Soper, 75 Mo. 460.

J. J. COLLINS for appellant.

When a case has been decided in this court only such questions will be noticed as were not determined on the previous decision. Overall v. Ellis, 38 Mo. 209; Stevenson v. Edwards, 98 Mo. 622; Herman on Estop., secs. 115, 116 and 117. It is well settled law that when a party to an action, being fully apprised of his rights, suffer judgment to go against him, either in whole or in part, he can not in a subsequent proceeding either in law or equity, be allowed to re-agitate questions, which were or should have been, adjudicated on the former trial. Caldwell v. White, 77 Mo. 471; Shelbina Hotel Ass'n v. Parker, 58 Mo. 327. There would be no end to a suit if every litigant could through repeated trials compel a court to listen to criticisms on its opinions, or chance for changes in its members. Hayden v. Grillo's

Adm'r, 42 Mo. App. 1; Gibson v. Chauteau, 7 Mo. App. 1; Chouteau v. Gibson, 76 Mo. 38; Roberts v. Cooper, 20 How. (U. S.) 467. A promise to support an old, helpless and dependent person at one's own residence with proper and suitable board, clothing, care and attention, from the time of making agreement, is valid and binding. Dresser v. Dresser, 30 Barb. 573; Histe's Adm'r v. Rudasill, 16 S. E. Rep. 673; Hutchinson v. Hutchinson, 46 Me. 154.

BOND, J.—In 1889 Mrs. Epperson gave to plaintiff her note for $136.75, with ten per cent interest thereon, which was afterwards assigned to the Greene County Bank, which recovered judgment thereon in 1897. The defendant was garnished upon an execution issued on this judgment. The issues joined in the garnishment proceedings were submitted to the court sitting as a jury and defendant was discharged. An appeal from that judgment was affirmed in this court for the reason that the issues in question could not be determined in a garnishment proceeding. (See opinion on file.) 74 Mo. App. 10.

In 1892 Mrs. Epperson, who was a widow of great age, infirm in health, and childless, contracted with defendant for her support and maintenance during the remainder of her life and decent burial thereafter in consideration of the transfer of all her property to him. In execution of this agreement she transferred to him a lot of ground in the city of Springfield estimated to be worth $1,000, and two notes for $500 each. It turned out that she was the owner of one-half only of the lot, and upon a partition thereof defendant received as the net portion of the proceeds coming to him $132.75, and that he received in full settlement of the notes and interest $820. She continued to live with him until her death in 1898, whereafter she was suitably buried at his expense. The judgment recovered by the bank was reassigned to plaintiff, who brings the present action as a creditor of

Mrs. Epperson to reach the property conveyed to defendant. She being insolvent no administration was had upon her estate.   Upon a consideration of the facts there was a decree in plaintiff's favor, from which defendant appealed.

It is insisted by appellant that the determination of the garnishment proceedings was an adjudication of the questions involved in the present action.   We can not concur in this view.   The judgment of the lower court in the garnishment proceeding was affirmed, first, because the conveyance of the land to defendant could not be questioned therein; and secondly, because, as shown by that record, no part of the notes had been paid to the garnishee and the maker had not been garnished.   No other questions were passed on by this court.   (See opinion on file.)   It is perfectly evident from these rulings that the merits of the present action were not passed on in the former appeal.   Sherer v. Akers, 74 Mo. App. 217.

*Res adjudicata.*

It is next insisted by appellant that the contract between Mrs. Epperson and defendant was valid and not obnoxious to section 5169 of the Revised Statutes of 1889, pertaining to fraudulent conveyances.   If the question were *res integra* we should be loathe to hold that a contract upon a valuable consideration fully executed in good faith by both parties whereby about $1,000 was paid in consideration of the support, maintenance and keep of an aged person for six years during three of which, according to the facts in the record, she was bed-ridden, was not free from all taint of fraud against the rights of the creditors of the promisee as defined by the statutes on the subject of fraudulent conveyances. The rule on this subject has been recently announced by our supreme court in the following language:   "With respect to property which may be subjected to the payment of the debts of a debtor, we fully agree to the rule announced in

Wait on Fraudulent Conveyances and Creditors' Bills [2 Ed.], section 211; Crane v. Stickles, 15 Vt. 252; Stanley v. Robbins, 36 Vt. 432; Woodward v. Wyman, 53 Vt. 647, that is, that he can not convey his property which is subject to the payment of his debts in consideration of an obligation for support for life, or any considerable length of time, unless he retain whatever is necessary to satisfy his creditors, as the law will not allow any person having means to make provision for himself and family during life at the expense of his creditors.    To do so would be to encourage fraud, by permitting a debtor, possessed of an unlimited amount of property, to place it beyond the reach of his creditors by conveying it, for  and in consideration of the support of himself and wife or any member of his family, for and during the life of any one or all of them." Bank v. Guthrey, 127 Mo. loc. cit. 193. With reference to the Vermont cases in support of the text approved in the above paragraph, it may be well to note that the rule is somewhat different now in that state.   Kelsey v. Kelley, 63 Vt. 41.   However this may be, the facts in the present record bring the transaction between the parties clearly within the doctrine announced by our own supreme court.    It is therefore our duty to apply that rule and to hold that the conveyance by Mrs. Epperson of her entire estate in consideration of her future support, is invalid as against the claims of a pre-existing creditor.

It is lastly insisted by appellant that plaintiff is estopped by reason of his knowledge and participancy in the transaction between Mrs. Epperson and the defendant.   We are unable to find that this contention is supported by the weight of the evidence.    It is true plaintiff was Mrs. Epperson's attorney, and as such appears to have prepared the deed executed by her to defendant conveying the town lot, but the recited condition in that deed is $1,000, and there is nothing in the record showing that plaintiff was aware that this was not the real consideration. As to the transfer of the notes, it

appears from plaintiff's testimony that when Mrs. Epperson took them from his custody she told him that upon their collection it was her intention to pay all her indebtedness. This was the view of the fact taken by the learned special judge, and we think his conclusion thereon was supported by the preponderance of the evidence in the record. The result is the judgment herein is affirmed. All concur.