KATE KEGAN, Respondent, v. MARY ELLEN HAS-LETT et vir, Appellants.

Kansas City Court of Appeals, January 6, 1908.

1. **FRAUDULENT CONVEYANCE: Consideration: Future Support.**   One cannot convey his property which is subject to the payment of his· debts in consideration of support for life unless he retain whatever is necessary to satisfy his creditors.

2. ———: ———: **Preferred Creditor.**   W made a deed to his homestead to K in consideration for support for himself and wife.   Subsequently K reconveyed the property and took W's note for the balance due her.   W then conveyed the property to B for the same consideration.   B mortgaged it for a small amount and subsequently, at W's request, conveyed the same to H who assumed the mortgage and paid B an additional debt growing out of the care of W.   K reduced her note to a judgment and had the transcript filed.   The lien had expired at the time of the conveyance to H.   *Held*, the conveyance from B to H was a reclaiming of his property by W under his contract in his deed and that the mortgage and debt to B were of equal dignity with the debt of K, and that W had a right to prefer B and the conveyance to H was not fraudulent though W may have had the motive of preventing K from collecting her debt.

3. ———: ———: **Tenants by the Entirety: Evidence.**   A deed to the husband and wife creates a tenancy by the entirety and the whole estate goes to the survivor; and a conveyance by the husband during the wife's lifetime, leaves the husband's interest subject to the wife's survivorship; and on the evidei :e in this case the consideration for a deed is found to have been not so inadequate as to render the conveyance fraudulent as to creditors.

4. ———: ———: **Future Support: Evidence.** Where the con-
sideration is sufficient to support a deed, a contemporaneous
agreement will not render the conveyance fraudulent and the
evidence in the record is held insufficient to show an agreement
for future support.

Appeal from Jackson Circuit Court.—*Hon. John G.
Park,* Judge.

REVERSED.

*Stewart Taylor* for appellants.

(1) There is nothing mysterious about the lien
of an ordinary judgment.   It exists by virtue of stat-
ute and lasts for three years only unless void.   R. S.
1899, secs. 3714, 3716.    (2) And our courts apply the
rule to an intermediate conveyance as well as an encum-
brance.   Christy v. Flanagan, 14 Mo. App. 253; Choteau
v. Muckalls, 20 Mo. 442; Christy v. Flanagan, 87 Mo.
670; Christy v. McKee, 94 Mo. 252; Benoist v. Roths-
child, 145 Mo. 411; Kline v. Vogel, 90 Mo. 248; State
ex rel. v. West, 68 Mo. 232; Lenox v. Harrison, 88 Mo.
496; Hatcher v. Hatcher, 139 Mo. 626; Ferguson v. So-
den, 111 Mo. 214; German American Seminary v. Kiefer,
43 Mich. 105; Wait, Fraudulent Conveyances (3 Ed.),
p. 507.    (3) A judgment creates no lien upon a home-
stead, and therefore, none will follow it in the hands of
the vendee.   Beckman v. Meyer, 75 Mo. 333; Holland v.
Kreider, 86 Mo. 59; Bank v. Guthrey, 127 Mo. 189;
Muenks v. Bunch, 90 Mo. 500.    (4) If the judgment
creditor cannot take the homestead of the debtor, its
sale or conveyance by him is no concern of the creditor.
Since he has no right or claim therein.   Spratt v. Early,
169 Mo. 357; Bank v. Guthrey, 127 Mo. 189; Macke v.
Byrd, 131 Mo. 682; Guinan v. Donnell, 98 S. W. 488;
Burns v. Bangert, 92 Mo. 167.    (5) The fact that the
title was in both husband and wife does not affect his
homestead right.    Peake v. Cameron, 102 Mo. 568;
Kendall v. Powers, 96 Mo. 142.    (6) And having

pleaded the execution and delivery of such a deed the burden was on respondent to prove such deed fraudulent and void. There was no evidence of fraud. Hoeller v. Haffner, 155 Mo. 589; Brown v. Fickle, 135 Mo. 405; Priest v. Way, 87 Mo. 16; Beekman v. Richardson, 150 Mo. 430.

*Theoph. L. Carns,* for respondent, filed argument.

JOHNSON, J.—This is a proceeding in equity brought by a judgment creditor to procure the cancellation of certain deeds made by the debtor in his lifetime and to subject the real property conveyed therein to the payment of the judgment. The relief is invoked on the ground that the conveyances were made in fraud of the rights of plaintiff as a judgment creditor. The learned trial judge found the issues in favor of plaintiff and entered judgment in her favor as prayed in the petition. Defendants appealed.

The facts found by the trial court, in substance, are as follows: The property in controversy consists of a dwelling house and lot in Kansas City valued at $1,500. In 1889, it was conveyed by warranty deed to "Margaret Whalen and John Whalen, husband and wife." The grantees, a very aged couple whose family consisted of themselves alone, immediately took possession of the property and occupied it continuously as a homestead until August 3, 1895. In September, 1894, Mrs. Whalen became insane and continued in that condition until the time of her death which occurred April 27, 1904. She died intestate and left no property. In August 1895, Mr. Whalen was compelled to seek a home elsewhere on account of his great age and feebleness, his wife's helplessness, resulting from her mental infirmity, and their destitute condition. At his request, plaintiff who was conducting a hotel in Kansas City, Kansas, agreed to support him and his wife during their lives and to

defray the expenses of their funerals and burials in consideration of the delivery to her of a warranty deed, executed by Whalen, conveying his homestead. Pursuant to this agreement, the details of which are not important, Whalen executed and delivered a warranty deed and gave possession of the property to plaintiff, who, thereafter, enjoyed the income therefrom and performed her part of the contract. Whalen and his wife lived with plaintiff and were supported by her until October, 1896, when he became dissatisfied and notified her of his desire to terminate the arrangement. An understanding was reached by which the deed to plaintiff, which had not been recorded, was destroyed and plaintiff relinquished all claims to the property. A settlement was made whereby Whalen acknowledged himself indebted to plaintiff in the sum of $130 for the board furnished him and his wife. This sum was reached after plaintiff had been charged with the rents of the property, collected and retained by her. Whalen settled this indebtedness by giving plaintiff his promissory note for the amount, due in six months. When the note matured, payment was demanded by plaintiff and refused by Whalen who, at the time, stated that he did not intend to pay it and told her to collect it if she could. Plaintiff, thereupon, brought suit against Whalen before a justice of the peace and recovered judgment on the 31st day of July, 1897, for $135.38, the amount due on the note including interest. No execution was issued and the transcript of the judgment was not filed in the office of the clerk of the circuit court until July 6, 1899. No effort was made to collect the judgment until after the death of Whalen, which occurred August 4, 1905. Plaintiff then instituted proceedings which resulted in the judgment being revived, after which she brought the present suit.

Immediately after the contract between Whalen and

plaintiff was terminated, the former entered into an agreement with a Mrs. Bowers of Kansas City by the terms of which she agreed to support him and his wife during their lives and give them decent burial when they died and Whalen agreed to deed the property in suit to her in payment of the services to be rendered. Accordingly, on the 22d day of January, 1897, he executed and delivered to Mrs. Bowers a warranty deed which contained the stipulation that "in consideration whereof the said Kate Bowers hereby agrees to maintain and keep the first parties and to provide them with proper clothing, food and a house during their lives and at their deaths to pay their burial and funeral expenses and to bury said first parties in the Catholic burying cemetery, provided, however, that either party may discontinue said agreement at their own pleasure and without notice and in case said contract shall be discontinued, said second party shall convey back said real estate to said first parties free and clear of any incumbrance of any kind." This deed was filed for record on February 13, 1897.

The Whalens lived with Mrs. Bowers, at her expense under the provisions of this contract, until August 1899, during which time, Mrs. Bowers collected and used the rents from the property in suit. Becoming dissatisfied with this arrangement, Whalen applied to defendants, Mr. and Mrs. Haslett, for support. Mrs. Haslett testified that when she was three weeks old, she was left with the Whalens who reared her at their own expense and gave her the same care and attention they would have bestowed upon their own child. Inspired by a sense of duty, she listened to the appeal of the old man and gave him and his demented wife an asylum in her home. She said she did this without hope of reward and was not moved thereto by the consideration that she and her husband were to receive the title held by Mrs. Bowers to the property in suit.

At the request of Whalen, Mrs. Bowers deeded the property to Mr. and Mrs. Haslett, subject to a deed of trust which, sometime before, had been executed and delivered by Mrs. Bowers and Whalen to secure a loan of $200, made for the benefit of Mrs. Bowers, and the Hasletts agreed to and did pay the debt secured which then amounted to $211, and also paid Mrs. Bowers the sum of $131.25, the amount of the remainder of her board bill against Whalen. At the same time, Whalen, for a nominal consideration, executed and delivered a deed conveying whatever interest he might have in the property to the Hasletts. In effect, defendants by these conveyances acquired the interest Whalen had in the property at the time he conveyed it to Mrs. Bowers and paid as a consideration therefor, the total sum of $342.25. It is the contention of plaintiff that as an additional consideration, they agreed to give the Whalens future support, but this is denied by the Hasletts in their testimony. There is no evidence to show what was the reasonable market value of Whalen's interest in the property at the time of the execution of these deeds. The deed from Mrs. Bowers was filed for record a few days after its delivery but that from Whalen was not recorded until the 18th day of November, 1904. Mr. and Mrs. Whalen made their home with the Hasletts, were supported by them during their lives and were buried at their expense.

Other facts appear in the record, but those stated afford a sufficient understanding of the case. The arguments of counsel cover a wide range and many interesting questions are discussed, but in the view we entertain, many of them do not require our present consideration. We grant for argument, without so deciding, that plaintiff's judgment could be and was legally revived after Whalen's death; that when thus revived it afforded a lien on any property fraudulently conveyed by the judgment debtor in his lifetime and that Whalen aban-

doned his homestead interest in the property when he deeded it to plaintiff and ceased to use it as a place of residence and thereby subjected it to the demands of his creditors, and still, with these concessions, we are unable to sustain the judgment. Further, we agree with plaintiff that the deed from Whalen to Mrs. Bowers was executed and delivered in fraud of the rights of plaintiff who then was a judgment creditor of the grantor, since the only consideration for that deed was the obligation of the grantee to give the grantor and his wife future support.

In Bank of Versailles v. Guthrey, 127 Mo. 189, it was held, "with respect to property which may be subjected to the payment of the debts of a debtor, we fully agree to the rule announced in Wait on Fraudulent Conveyances and Creditors' Bills (2 Ed.), sec. 211; Crane v. Stickles, 15 Vt. 252; Stanley v. Robbins, 36 Vt. 432; Woodward v. Wyman, 53 Vt. 647; i. e., that he cannot convey his property which is subject to the payment of his debts in consideration of an obligation for support for life, or any considerable length of time, unless he retain whatever is necessary to satisfy his creditors, as the law will not allow any person having means to make provision for himself and family during life at the expense of his creditors. To do so would be to encourage fraud, by permitting a debtor, possessed of an unlimited amount of property, to place it beyond the reach of his creditors by conveying it, for and in consideration of the support of himself and wife or any member of his family, for and during life of any one or all of them." To the same effect is Massey v. McCoy, 79 Mo. App. 173. But it by no means follows that the conveyances under which defendants acquired Whalen's interest in the property are tainted with the fraud in the transaction between Whalen and Mrs. Bowers. It is true that instead of reconveying the property to Whalen, Mrs. Bowers, at his request, deeded it to defendants. But this

was pursuant to the terms of the stipulation embodied in the deed to Mrs. Bowers which required her, in the event Whalen desired to discontinue the contract, to reconvey the property to him. In legal effect, she was but the conduit through which the title passed directly from Whalen to defendants, and her deed should be regarded as one executed by Whalen. At the end of his relations with Mrs. Bowers, Whalen, in effect, reclaimed his property, as he had the right to do under the terms of the contract, and thereafter disposed of it as his own. When he conveyed it to defendants, he was indebted to plaintiff and also was indebted in the sum of $342.25 on account of the support he and his wife had received from Mrs. Bowers. The last indebtedness was represented by the loan on the property of $211 and by the remainder due Mrs. Bowers of $131.25. Plaintiff's demand was not entitled to any priority over this indebtedness. The two debts stood on an equal footing and as long as Whalen possessed the *jus disponendi* of his property, he had the right to apply it to the payment of one debt in preference to the other.

We are not overlooking the fact that when plaintiff filed the transcript in the office of the circuit clerk, her judgment became a lien on Whalen's interest. But she permitted that lien to expire by limitation in July, 1900, (Revised Statutes 1899, section 3714), and of course cannot now be permitted to assert any rights under a lien thus extinguished. [Christy v. Flanagan, 14 Mo. App. 253; 87 Mo. 670; Chouteau v. Nuckolls, 20 Mo. 442; Christy v. McKee, 94 Mo. 1. c. 252; Benoist v. Rothschild, 145 Mo. 1. c. 411.] As Whalen had the right to prefer one creditor to another, it remains to be ascertained whether or not defendants paid a fair consideration for the property. If they did, the transaction should not be pronounced fraudulent though we should believe from the evidence that Whalen was actuated in part by the motive of preventing plaintiff from collecting her

debt. If the only consideration paid and agreed to be paid was used and agreed to be used in the discharge of existing bona fide debts of the grantor and the price represented the reasonable value of the property, the motives of the grantor were immaterial. On this branch of the case, it is contended by plaintiff, first, that the amount paid by defendants in satisfaction of the pre-existing debts was not an adequate consideration and, second, that it was not the only consideration agreed on; that, in addition, defendants promised to furnish future support to Whalen and his wife.

It must be borne in mind that at the time of the conveyance to defendants, Mrs. Whalen was living and, being insane, her interest in the property had remained unaffected by the various conveyances and contracts which her husband had made. She was younger than her husband, both were feeble and no one could foretell which one would survive the other. Section 4600, Revised Statutes 1899, provides that "Every interest in real estate granted or devised to two or more persons other than executors and trustees and husband and wife shall be a tenancy in common unless expressly declared under such grant or devise to be in joint tenancy." This leaves unaffected the rule of the common law recognized in this State that under a devise to husband and wife, the grantees take as tenants by the entirety and the survivor at the death of his cotenant becomes vested with the entire estate. As was well observed by Judge SHERWOOD in Russell v. Russell, 122 Mo. 235; "The peculiarities of this sort of tenancy are derived from the fact that in legal contemplation, husband and wife are a *unit of personality;* there can be no moities between them; they are each seized of the entirety *per tout,* not *per my,* and the husband cannot forfeit or alien the estate, except during the period of his life. [Hall v. Stephens, 65 Mo. 670, and cases cited.] And owing to this legal unity of husband and wife, it is said to be impossible

even by express words, to convey land to them so as to make them tenants in common with each other."

Under this rule, Whalen and his wife were seized of the estate as tenants by the entirety and so held it when she became insane. Any conveyance made thereafter by Whalen could not affect her estate, and if his demise had preceded hers would be entirely nugatory, since his interest in the estate then would vest in her as the surviving tenant.

It readily will be observed that defendants placed themselves in a position of great uncertainty. In the event Whalen survived his wife, they would become the owners of property valued at $1,500, at an expenditure of less than $400. On the other hand, if his demise preceded hers, they would have no interest in it and no opportunity of acquiring any. In such situation and with no proof in the record relative to the value of Whalen's interest and with the burden on plaintiff to show that the price paid was inadequate, we cannot do otherwise than to declare that she has failed in her proof. The price paid by defendants, in our opinion, was not in defect of the reasonable value of the interest they acquired, and that this opinion was shared by plaintiff herself is disclosed in the argument she adduced against the contention of defendants that she was guilty of laches in failing to attempt to enforce the collection of her judgment during Whalen's lifetime. Her justification for so long a period of inaction is that, with the contingency facing her of the possibility of Whalen's death before that of his wife, the amount she could have realized from the sale of his interest under execution would not have paid the expenses of the effort. Defendants paid thrice the amount of her judgment for a mere expectancy and, as we have said, paid all it was worth.

Concluding, as we do, that full value was paid, we turn to the final contention that a contemporaneous agreement was made between Whalen and defendants

by which the future support of the old couple, in fact, was made a part of the real consideration for the transfer. We give sanction to the rule thus expressed by the Supreme Court of Appeals of West Virginia, in Hanna v. Bank, 46 S. E. 920: "If the property, however, is conveyed for full and adequate consideration, a contemporaneous agreement for future support of the grantor which forms no part of the consideration will not render the conveyance void." We do not find in the record any evidence either direct or circumstantial to support the conclusion either that an agreement for future support was made by the parties or that, if one were made, it was treated as a part of the consideration for the transfer. The deeds to the Hasletts are silent on the subject. Whalen, contrary to what he did in his agreements with plaintiff and Mrs. Bowers, placed himself completely at their mercy, and a strong motive was shown to exist on the part of Mrs. Haslett to repay what she considered a debt of gratitude. Should we find, in the face of these strong circumstances and in the absence of any direct proof, that the agreement for future support was a part of the consideration paid for the property, we, necessarily, would resort to mere conjecture or suspicion.

Point is made by plaintiff of insufficiency in the abstract of record, but we find it to be without merit.

The judgment is reversed. All concur.